924 KENTUCKY REPORTS. [Vol. 119

Letzler's Admr. v. Pacific Mut. Life Ins. Co. of California.

CASE 120—ACTION BY THEODORE LETZLER'S ADMR. AGAINST PACIFIC MUTUAL LIFE INS. CO. OF CALIFORNIA, TO RECOVER ON A POLICY OF LIFE INSURANCE.—FEB. 23.

# Letzler's Admr. v. Pacific Mut. Life Ins. Co. of California.

APPEAL FROM JEFFERSON CIRCUIT COURT, C. P. DIVISION—EMMETT FIELD, JUDGE.

JUDGMENT FOR DEFENDANT. PLAINTIFF APPEALS. AFFIRMED.

LIFE INSURANCE—PROVISION AS TO PRINTING—FAILURE TO PAY PREMIUM.

1. Kentucky Statutes, 1903, section 649 (part of the law governing co-operative insurance companies), in so far as it provides that "said policy or certificate, application, constitution, by-laws or other rules (which are required to be attached to the certificate that they may be considered part of it) shall be plainly printed, and no portion thereof shall be in type smaller than brevier," has no application to old-line insurance companies.

2. Under a life policy providing that in consideration of the payment in advance of a certain sum which may be paid in semi-annual or quarterly installments, covering the period of half year's or quarter year's insurance for which the installment is paid in advance) the company insures the life for one year from date, and in consideration of the further payment of a like sum on or before a certain day in each year thereafter till nineteen years' premiums have been paid (which sums may be paid in like installments as aforesaid, but subject to the same conditions) promises to pay a certain sum on proof of death of insured, the insurance ceases on default in payment of an installment of the third year's premium, so that the provision for extended insurance in case of lapse "after the policy has been in force three full years" has no application.

CARUTH, CHATTERSON & BLITZ AND THUM & CLARK, FOR APPELLANTS.

### POINTS AND AUTHORITIES.

1. The policy provides for terms of whole years only and could not terminate or lapse before the expiration of the whole

**Vol. 119]**     **JANUARY TERM, 1905.**     **925**

Letzler's Admr. v. Pacific Mut. Life Ins. Co. of California.

of such term unless a forfeiture is provided for, and the contract will be construed most strongly against the appellee. Joyce on Insurance, vol. 1, sec. 220; Aetna Ins. Co. v. Jackson, &c., 16 B. Mon., 259; Louisville M. & F. Ins. Co. v. Bland, 9 Dana, 151; Phoenix Ins. Co. v. Spiers, &c., 87 Ky., 294; American Accident Co. v. Riegart, 94 Ky., 547; The Mut. Ben. Life Ins. Co. v. Dunn, 21 R., 216; May on Insurance, sec. 1175; Mouler v. American Life Ins. Co., 111 U. S., 335; Orient Mut. Ins. Co. v. Wright, 1 Wall. (U. S.), 456; Cotten v. Fidelity & Casualty Co., 41 Fed., 509; Merth v. Schickenborg, 11 R., 233; Norris v. Philpot, 12 R., 557; Bluegrass Cordage Co. v. Luthy & Co., 98 Ky., 583; Dent v. Steamship Co., 49 N. Y., 390; Clark on Contracts, secs. 15 and 24; Am. & Eng. Enc. of Law, vol. 6, page 727; Crawford v. Beard, 4 J. J. M., 187; McLure v. Rush, 9 Dana, 65; Addison on Contracts, sec. 18; Taylor on Landlord & Tenant, sec. 489; Jackson v. Tepping, 1 Wend., 388; Dennison v. Reed, 3 Dana, 586; Am. & Eng. Enc. of Law, vol. 18, p. 370.

2. The contract contains no provision for forfeiture except in the application, and the provision therein is invalid and does not affect the contract because it is printed in type smaller than brevier. Kentucky Statutes, secs. 656 and 679; Provident Savings L. Ins. Co. v. Puryear's Admr., 22 R., 982; Same v. Beyer, 23 R., 2462; Manhattan Life Ins. Co. v. Meyers, 22 R., 877; Cotton v. Fidelity & Cas. Co., 41 Fed., 509; DeLancy v. Rockingham Mut. Fire Ins. Co., 52 N. H., 581; Hunziker v. Supreme Lodge K. of P., 25 R., 1510.

3. The policy not expiring until the end of the third insurance year, it was in force three full years and the extended insurance attached under its provisions

HENRY BURNETT, ATTORNEY FOR APPELLEES.

1. It is not alleged in the pleadings in this case that after the insured made default in the payment of his premiums that the appellee ever demanded payment of either of the quarterly premiums; nor is it intimated that the company did anything more than remain passive. It is alleged in the answer that after default in the payment of the quarterly premium, due April 1, 1901, that the company marked the policy on its books as lapsed, and that there was never any further negotiation between appellee and insured until this suit was brought about ten months after the death of the insured.

2. The language of the policy is meaningless unless it means that if the insured shall elect to pay his premiums quarterly they must be paid in advance, and that each payment covers on-

ly three months of insurance and not one year's insurance, and that if he fails to pay in advance at the beginning of each quarter the policy will *ipso facto* lapse and become of no value.

3. There is no pretense in the pleadings or in the evidence in this case, that the insured did not read or that he could not read, or that he did not understand or that he could not understand all that is contained in the printed application. And yet appellant comes into court and without any excuse whatever askes the court to deprive the company of its use of that part of the contract contained in the application because it is printed in type smaller than brevier. We respectfully submit that this plea ought not to appeal to a court of justice.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—AFFIRMING.

Appellee issued to Theodore Harry Letzler the following policy:

"The Pacific Mutual Life Insurance Company of California in consideration of the application for this policy, which is made a part of this contract (a copy of which is hereto annexed), and of the payment in advance of the sum of fifty-three and 21-100 dollars (which payment may be made in semi-annual installments of $27.70, or quarterly installments of $14.10, covering the period of half year's or quarter year's insurance for which the installment is paid in advance), hereby insures the life of Theodore Harry Letzler, of Louisville, county of Jefferson, State of Kentucky, for one year from the date hereof, payable in the amount and to the beneficiary hereinafter named; and in consideration of the further payment of a like sum on or before the first day of October in each year thereafter during the continuance of this policy and until nineteen years' premiums have been paid (which sum may be paid in like installments as aforesaid, but subject to the same conditions), hereby promises to pay two thousand dollars, less the balance of any partially paid annual premium, to Theodore Harry Letzler's executors, ad-

ministrators or assigns, or to such other beneficiary as may be designated by the insured as hereinafter provided    at the home office of said company in San Francisco, California, upon due notice and satisfactory proof of the death of said insured.

"The benefits, conditions and values on' the next page of this policy are hereby made a part hereof.

"In witness whereof, the said Pacific Mutual Life Insurance Company of California, has, by its president and secretary, signed and delivered this contract at the city of San Francisco, this first day of October, 1898.

.                GEORGE H. MOORE, PRESIDENT."
"J. V. PATTON, SECRETARY."

On the back of this policy was the following provision:

"After this policy has been in force three full years, should it lapse and not be surrendered as provided above, the full amount of the policy at date of lapse, any indebtedness being repaid within three months thereafter, will be extended, without request or demand therefor, as non-participating term insurance, but only for the period specified in the 'Schedule of extended insurance" following: Provided, that the said term insurance shall be based upon completed insurance years only, and that if the insured dies within three years from such lapse, all unpaid premiums, with interest at six per cent. per annum, shall be deducted from the amount insured.  *   *   *   *

"Schedule of extended insurance.   At the end of 3d year, years 3, days 162.   *   *   *"

The application, which was attached to the policy, but printed in minion type, which is smaller than brevier, contained, among other things, this clause:

"That such policy shall lapse and be void if any premium or installment thereon is not paid as therein provided, and _

that then all previous payments shall be forfeited to the company, except as therein otherwise provided."

Letzler paid the premiums on the policy for the first and second years, and paid the first and second quarterly installments of the third year's premiums, but failed to pay the third and fourth quarterly installments. After this, and shortly after the expiration of the third year, he died, and this action was brought by his administrator on the policy. At the conclusion of the evidence for the plaintiff the circuit court peremptorily instructed the jury to find for the defendant, and the plaintiff appeals.

It is insisted for him that, as the application, although printed on the policy, is printed in smaller type than brevier, it can not be considered, and that, the policy itself contains no clause forfeiting the insurance for the nonpayment of the quarterly installments, it was in force at the end of the third year, and that, therefore, by the schedule of extended insurance, he was intitled to insurance for 3 years and 162 days. Section 656, Kentucky Statutes, 1903, which applies to the oldline companies, provides that they shall not "make any contract of insurance or agreement as to such contract other than is plainly expressed in the policy issued thereon." Section 679, Kentucky Statutes, 1903, which is a part of the law governing co-operative companies, provides that the "application, constitution, by-laws and other rules" of the company, unless attached to the policy, shall not be received as evidence, or considered as part of the policy. In Provident Savings Life Assurance Society v. Puryear's Adm'r., 109 Ky., 381, 22 Ky. Law Rep., 980, 59 S. W., 15, and in several subsequent cases, it was held that these provisions as to the oldline companies and the co-operative companies were intended to establish the same rule as to both classes of companies, and that the meaning is that the paper which

is delivered to the insured, and which is held as evidence of his rights, shall contain the whole contract. The rule rests upon the idea that the legislative purpose was to cut off other papers, though referred to in the policy, on the idea that the insured was frequently misled in this way as to his contrract. The court did not rule that all parts of section 679 are applicable equally to the old-line as well as the co-operative companies. The statute is divided into subdivisions. One of the subdivisions refers to the old-line companies, another refers to the co-operative companies. The purpose of the Legislature in thus dividing the statute was to make one set of rules for the government of one class of companies and another set for the government of the other class. The law relating to the co-operative companies is not applicable to the old-line companies, unless there is something in the statute showing that the Legislature so intended. The ruling in the cases referred to rests upon the ground that there is enough in the statute, taking the two sections together, to show that the Legislature had in mind the same thing as to both companies in providing that the policy must contain the whole contract. But the policy in the case before us does contain the whole contract, the application being printed upon it, and in main type. The latter part of section 679 in is these words: "The said policy or certificate, application, constitution, by-laws or other rules shall be planly printed, and no portion thereof shall be in type smaller than brevier." This provision, as shown on its face, only applies to the co-operative companies, for it refers to the constitution, by-laws, or other rules, and to the policy or certificate, thus treating the two words as synonymous. There is no such provision in the subdivision of the act regulating the old-line companies, and there is nothing in the statute to

930      KENTUCKY REPORTS.      [Vol. 119

Letzler's Admr. v. Pacific Mut. Life Ins. Co. of California.

indicate that the Legislature intended this provision to apply to any other companies than the co-operative companies. The objection, therefore, that the application can not be considered because printed in type smaller than brevier is untenable, as appellee is not a co-operative company.

Moreover, the contract of the insurance company, as shown by the policy, is in consideration "of the payment in advance of the sum of 53 20-100 dollars (which payment may be made in semi-annual installments of $27.70, or quarterly installments of $14.10, covering the period of half year's or quarter year's insurance for which the installment is paid in advance), * * * and in consideration of the further payment of a like sum on or before the first day of October in each year thereafter," etc. When the first year expired, the insurance which had been paid for expired; and, if nothing more had then been paid, the policy would, by its terms, have expired. It is inaccurate to call this a forfeiture. The payment of the premium is the condition upon which the continued existence of the policy depends, and when the premium is not paid the insurance ceases. The second year's premium, however, was paid. When the third year began, the insured paid the first quarter. This carried the insurance through the first quarter. He then paid the second quarter. This carried his insurance to the end of that quarter. But when he failed to pay the third quarter his insurance ceased. If the rule were as contended for by appellant, the insured, when he paid the first quarter on the third year, need have paid no more, and he would not only have been insured for the rest of that year, but would have been entitled to the extended insurance just as much as he would have been if he had paid all four of his quarterly installments in advance according to the terms of his contract. It was not contemplated by the parties that the insured

should get insurance for the full year by making one or two of the quarterly payments. The policy expressly provides that the quarterly payment covers the insurance for which the installment is paid, and is to be paid in advance. This utterly excludes the idea that the insured could get insurance for a whole year by paying one of his quarterly installments, or two of them, as in the case before us.

Judgment affirmed.