## Masonic Life Association v. Robinson.

(Decided December 10, 1913).

### Appeal from Jessamine Circuit Court.

1. Trial—Continuance—Discretion.—Where the General Agent of a corporation knows the day its case is set for trial, and promises to be present at that time to testify, but is when the time comes outside the jurisdiction of the court, and no satisfactory explanation is given for his absence, the trial court did not abuse its discretion in refusing the company a continuance on account of his absence.

2. Trial—Diligence—Witnesses.—In the absence of diligence on the part of the company to procure the presence of the agent, the court was justified in refusing to permit the company to read the affidavit filed as the deposition of the absent witness.

3. Insurance, Life—Estoppel.—An insurance company who simultaneously with the delivery of a policy of life insurance, re-

ceives confidential and reliable information that many of the
material answers in the application and in the medical exam-
iner's report are false, and continues thereafter to demand and
collect premiums on the policy, will be estopped to assert the
defenses growing out of such false answers.

4.    Insurance, Life—Estoppel.—Where the agent of the company,
who was taking the application, explained to the applicant when
the question was reached as to whether the applicant had been
previously rejected for insurance that the question meant only
whether he had been rejected by this company and referred to
no rejection by any other company, and the applicant answered
in the negative after such explanation, the company is estopped
to rely upon such defense.

HARRY D. WILLIAMS, JOHN H. WELCH and SAMUEL M.
WILSON for appellant.

E. H. GAITHER, E. B. HOOVER for appellee.

OPINION OF THE COURT BY JUDGE TURNER—Affirming.

This is the second appeal of this case; the opinion
on the former appeal will be found in 149 Ky., 80.

The judgment was reversed on that appeal chiefly
for the reason that the assured had in his application
falsely stated that no physician had ever given an un-
favorable report upon his life for insurance, and that
his application for insurance had never been rejected,
the court saying that the uncontradicted testimony
showed that this was not true; but the court further held
that certain pleas of estoppel, which had been filed
against the company, and to which the lower court had
sustained demurrers, presented good pleas, and that
the lower court erred in sustaining demurrers to them.
It reversed the judgment, directing that if there was
sufficient evidence to submit the issues presented by the
pleas of estoppel, that they be presented under proper
instructions, otherwise that the company was entitled
to a peremptory instruction.

All the questions of law presented upon this appeal
were passed upon in the former appeal, except, (1)
was the appellant entitled to a continuance, (2) was
the evidence of the estoppel sufficient to take the case
to the jury, and (3) were the instructions submitting
these issues proper?

At the first term of the circuit court after the case
was remanded, it was continued, and set at the time for
a certain day in the next term; at the first term J. T.
West, the general agent of appellant in this State, who

had as such agent taken the application of Robinson for the insurance, was present, and knew the exact time at which the case was to be heard at the succeeding term; he promised the attorneys for appellant that he would be present at that time ready to testify, but when the time came he was not only not present, but was absent from the State of Kentucky, and had been for about three months. There is no explanation of his absence, there is no suggestion or intimation that any member of his family was sick; there was no process of any kind issued for him until five days before the case was set for trial, and he being the general agent in Kentucky it is not unreasonable to presume that the company then knew he was outside the State of Kentucky.

The granting of a continuance is largely in the discretion of the trial court, and its action will not be disturbed upon appeal unless there has been some abuse of that discretion.

In this case the court knew from the record that the witness West was a general agent of the company; that he had been present at the previous term of court, and that being a general agent of the company he was necessarily subject to its orders, and there being nothing in the affidavits filed showing that he or any member of his family was ill, or that any casualty or misfortune had overtaken him to prevent his presence, the court did not abuse its discretion in refusing the continuance. To grant a continuance under such circumstances would be to enable a corporation to delay or obstruct the administration of justice if one of its employes who was a witness was at the time of the trial outside the jurisdiction of the court.

But it is insisted for appellant that the court erred in refusing to permit the affidavit for continuance, or so much of it as was pertinent, to be read as the deposition of West; but there being utter lack of diligence upon the part of appellant to secure his presence, and no explanation whatever of his absence, the court was fully justified in denying that request.

The application of Robinson for insurance in appellant company was taken and medical examination had on or about September 20th, 1902; the application and report of the medical examiner were received by the company at its office on September 23rd, 1902; on September 24th, 1902, the company addressed to two of Robinson's neighbors, who were his brother Masons and

members of the same lodge, the following letter seeking confidential information:

"Dear Sir and Brother:

"As you have been referred to in this case I feel at liberty to address you as a brother Mason and request you to answer the following inquiries. I simply ask your unprofessional opinion according to your best understanding. Kindly give us any additional information which you think will be of value. Your replies will be held strictly confidential."

Enclosed with each of those letters was a form of questions to be answered, and those questions were answered by each of the parties addressed on the 26th day of September, 1902, and sent by mail to appellant, who received same the very day the policy bears date. One of those men gave no information to the company that was essentially different from that contained in the application and the report of the medical examiner; but the answer of the other was such as to at least put the company on notice that many of the material answers in the application for insurance and the report of the medical examiner were false.

For instance it notified the company (1) that Robinson was not then in good health; (2) he had not always been in good health; (3) that the party did not believe him to be of a sound and robust constitution; (4) that three years previously Robinson had had an attack of inflammatory rheumatism lasting six weeks and was expected to die; (5) that he did not believe Robinson was a first class risk for life insurance; (6) that he could not recommend him for membership in appellant's company.

As said before, this letter was received by appellant at its office on the very day that the policy was issued, but it does not distinctly appear whether it was received on that day prior to the issual of the policy.

With that confidential information locked up in its vaults, for more than seven years appellant continued to demand and collect from Robinson the premiums on that policy; in other words, with information in its possession which would enable it to defeat the collection of this policy when it might mature, it continued to demand and receive these premiums all these years; putting it a little differently, from the standpoint of the company, Robinson was insured only for the purpose of paying premiums. It would be hard to imagine a plainer case of estoppel against all the defenses grow-

ing out of the false answers made by Robinson or the medical examiner about which the company received information in this confidential communication. The utmost good faith between insurance companies and their policyholders is required; if the policyholder makes any material misrepresentation he himself is the loser because his policy cannot be enforced; on the other hand, if the company knowing that the policyholder has made false representations continues thereafter to collect premiums on that policy it will be estopped to rely upon such defenses.

But it is argued that there is nothing in this confidential communication which gave to the company any intimation that Robinson had been rejected for insurance in other companies. Without passing upon the question of whether or not the estoppel as to these false answers would also operate so as to prevent the company from relying upon false answers as to which it had no notice, it is sufficient to say that it was pleaded and proven by the evidence of the only two witnesses who were present at the time of the application, that when the question in the application was reached as to whether he had been previously rejected, the agent of the company explained to Robinson that that applied only to his rejection in appellant's company and not to any other company, and that that was the reason that he answered that question no; it further appears that the medical examiner who was, of course, the agent of the company knew at the time that he had been previously rejected in other companies, and his knowledge must be treated as the knowledge of the company.

These questions were all submitted to the jury in clear and accurate instructions and their verdict was fully justified by the evidence.

Judgment affirmed.