### Central Life Insurance Company's Receiver v. McKechnie's Executrix.

(Decided October 4, 1918.)

## Appeal from Garrard Circuit Court.

1. Insurance—Life Insurance—Representations—Question for Jury. —In an action on a life policy, evidence examined and held to make it a question for the jury whether the representation of the insured that he had not had kidney disease was substantially untrue.

2. Insurance—Life Insurance—Representations—Prior Rejections— False Answers—Materiality.—Where in a suit on a life policy, the officers of the defendant and other insurance companies, though first testifying that it was the practice of insurance companies to reject an applicant who had been rejected by other companies, admitted on cross-examination that they frequently accepted such an applicant if upon investigation and further examination, they found that the causes of his rejection were insufficient or no longer existed, it was a question for the jury whether the defendant acting reasonably and naturally in accordance with the practice usual among life insurance companies under similar circumstances would have accepted the application and have issued the policy to the

insured, who falsely stated that he had not been rejected by any other company, if the substantial truth had been stated.

H. V. McCHESNEY and SCOTT & HAMILTON for appellant.

CHAS. H. RODES, NELSON D. RODES and LEWIS L. WALKER for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

On July 19, 1913, the Central Life Insurance Company issued to William McKechnie a policy insuring his life for the sum of $2,500.00 in favor of his estate. The insured died of Bright's disease on September 26, 1914, leaving a will appointing his wife, Lydia Belle McKechnie, as his executrix. Payment was refused by the company and his executrix, after due qualification, brought this suit to recover on the policy. The trial before the jury resulted in a verdict and judgment in favor of plaintiff. Subsequently the company was placed in the hands of a receiver, who prosecutes this appeal.

Among the questions and answers contained in the application, which was a part of the policy, are the following:

"Have you ever applied to any company or agent for insurance without receiving a policy of the exact kind and amount applied for? No.

"Have you ever been rejected, postponed or limited by any company or association; if so, give name? No.

"Have you ever had any of the following diseases? Answer yes or no. If so, give particulars under remarks.

. . . . . . . . . . .

"38. Disease of kidney, bladder, uretha or colic from kidney stone or gravel? No.

"Has any physician given an unfavorable opinion upon your life with reference to insurance, formally or informally? No.

"When did you last consult a physician and for what? November, 1912; lagrippe."

The company defended on the ground that the foregoing answers were false and material. The issues were submitted to the jury by an instruction which is not subject to complaint, but the company earnestly contends that the evidence of the falsity and materiality of the answers was so conclusive that it was entitled to a directed verdict.

The only evidence that the insured had kidney disease was that he had been examined by a physician a few months before he applied for the insurance in question, and that albumen was found in his urine; and that he died from Bright's disease about a year and a half later. The physician who made the examination stated, however, that the presence of albumen in the urine was merely indicative of Bright's disease and not conclusive; that the presence of albumen might be due to a cold or some other cause and subsequently disappear. On the other hand, it appeared from the report of the defendant's examining physician that the insured was in good health when examined and that the examination of his urine showed his kidneys to be in a normal condition. In view of this conflicting evidence, it was for the jury to say whether the representation of the insured that he had not had kidney disease was substantially untrue.

However, it does appear that the statement by the insured that he had not been previously rejected by any other insurance company was untrue. As a matter of fact he had been rejected by the Columbia National Life Insurance Company on account of blood pressure in the month of March, 1913, and so advised by the company. He was also rejected in the month of May by the Mutual Benefit Life Insurance Company of Newark on account of presence of albumen in his urine and had been advised of this fact. Since it is shown that these representations were untrue, it remains to determine whether they were material. They were material if the defendant, acting reasonably and naturally, in accordance with the practice usual among life insurance companies under similar circumstances would not have accepted the application and have issued the policy if the substantial truth had been stated. Blenke v. Citizens Life Ins. Co., 145 Ky. 333, 140 S. W. 561; Masonic Life Ass'n v. Robinson, 149 Ky. 80, 147 S. W. 882, 41 L. R. A. (N. S.) 505; Knights of Macabees v. Shields, 156 Ky. 270, 160 S. W. 1046. While it is true that certain officers of the defendant and of other companies stated on their direct examination that it was not the usual practice for insurance companies to accept applications from and issue policies to persons who had been rejected by other companies, they afterwards qualified this broad statement by saying that they sometimes did so when upon investi-

gation and further examination they found that the causes of rejection were insufficient or no longer existed. There was also testimony by a physician, who was a witness for plaintiff, that he had known several instances of the acceptance of applications from persons who had theretofore been rejected by other companies. From this evidence it does not follow as a matter of law that the application of the insured would have been rejected if he had stated that he had been rejected by other companies. Pursuant to the usual practice of insurance companies, the defendant might have re-examined the insured and have found his physical condition the same as that shown on his prior examination and have issued the policy notwithstanding his prior rejection. At any rate, the question is one about which ordinarily sensible men might have entertained a reasonable difference of opinion and should therefore have been submitted to the jury. For the same reason, we conclude that the finding of the jury was not flagrantly against the evidence.

Judgment affirmed.