Vol. 109]   SEPTEMBER TERM, 1900.   381

Provident Sav. Life Assur. So. v. Puryear's Admr.

CASE 58—ACTION ON INSURANCE POLICY—NOV. 22.

# Provident Sav. Life Assur. So. v. Puryear's Admr.

APPEAL FROM M'CRACKEN CIRCUIT COURT.

JUDGMENT FOR PLAINTIFF AND DEFENDANT APPEALS.   AFFIRMED.

LIFE INSURANCE—APPLICATION AS PART OF POLICY.

Held:   As Kentucky Statutes, section 679, which applies to as-
sessment or co-operative insurance companies, provides that an
application for insurance shall not be considered a part of
the policy, unless attached thereto, *Id.*, sec. 656, applying to old-
line companies, which provides that the company shall not make
any contract of insurance "other than is plainly expressed in
the policy," will be given the same meaning, and effect will not
be given to a stipulation of the application excepting death by
suicide, where the application is not attached to the policy,
though declared therein to be a part of the contract.

HENRY W. BURNETT, ATTORNEY FOR APPELLANTS.

HUMPHREY & DAVIE, OF COUNSEL.

## SYNOPSIS AND AUTHORITIES.

1. Section 679, Kentucky Statutes, applies only to assessment or co-
operative life insurance companies, and does not apply to the
old-line or regular insurance companies.   Sub-division 3, Art.
4, Ch. 32, Ky. Statutes.

2. Section 656 forbids discrimination and rebates on the part of in-
surance companies, and provides that the contract as to pre-
miums and benefits must be expressed in the policy.   This sec-
tion does not render such inhibited contracts void, but provides
a penalty merely.   Com. v. Eq. Life Assur. So., 100 Ky., 342;
Endlich on the Interpretation of Statutes, secs. 62, 63, 72; Sedg-
wick on Statutory and Const. Construction, 73; Nat. Bank v.
Matthews, 78 U. S., 621, 627, 629; Milford v. Worcester, 7 Mass.;
Parton v. Curvey, 1 Gray, Mass., 119; Pangborn v. Westlake,
36 Iowa, 546, 549; Paris v. Runnels, 12 Howard, 79, 84.

3. The answers and questions contained in the medical examiner's
report do not constitute, in law, any part of insured's applica-
tion for insurance.   Johnson v. Des Moines Life Association,
75 N. W. Rep., 101; Kelly v. Life Ins. Co., 21 So. Rep., 361.

4. The contract providing that "self-destruction, whether sane or insane, voluntary or involuntary . . . are risks not assumed by the Society within two years from the date of the contract or policy of insurance," is a reasonable contract, entered into between parties capable of contracting, and is neither against public policy nor unjust to the parties who accepted its terms.   The addition of the qualifying words *voluntary or involuntary* must be construed as meaning something more than the words *sane or insane* alone, and were added for the purpose of avoiding the technical and unfavorable construction which many of the courts had placed on the words *sane or insane*. Mut. Life Ins. C. v. Daviess' Exr., 87 Ky., 541; Bigelow v. Berkshire Ins. Co., 93 U. S., 284; Pierce v. Trav. Life Ins. Co., 34 Wis., 389, 3 Ins. L. J., 422; Ritter, Admr. v. Mut. Life Ins. Co., 169 U. S., 156; De GoGorza v. Knickerbocker Life Ins. Co., 65 N. Y., 232, 237; St. Louis Mut. Ins. Co. v. Graves, 6 Bush., 268.

ADDITIONAL BRIEF BY HUMPHREY & DAVIE, FOR APPELLANT.

1. The legislature in its insurance law of 1893 divided insurance into two kinds, viz: *First*, the ordinary or old-line life insurance; and, *second*, assessment or co-operative life insurance.

2 Section 679, under the head of "Assessment or Co-operative Life Insurance Companies," applies throughout only to these so to speak, mutual benefit companies, wherein there are "constitutions," "by-laws," and other "rules," and "certificates" of membership, and it provides that in that class of insurance, the application shall be attached to the "certificate" of membership or policy; otherwise it shall not be given in evidence.   But no such provision was made with regard to policies in old-line companies.

3. The assessment companies are usually home institutions. The old-line insurance companies are not; and the legislature can control the home companies.

4. It is impossible to suppose the legislature intended to do the important act of rendering applications void, and yet not even mention the "application" in the section.   The absence of all allusion to applications, in section 656, would, of itself, show that they were not in the legislative mind.

5. If section 656 were to be construed the way the lower court construed it, then it would make the legislature, with respect to the old-line companies, go far beyond where it went with regard to assessment companies.

6. To construe section 656, as an entire repeal and departure from that ancient principle of life insurance, and that, too, without

the legislature saying it or mentioning an application, or referring to its being given in evidence in any way, is certainly a most startling construction.

BISHOP & PURYEAR AND JOHN K. HENDRICK, ATTORNEYS FOR APPELLEE.

1. Section 656, Kentucky Statutes; provides that "No life insurance companies doing business in Kentucky, or any agent thereof, shall make any contracts of insurance or agreement as to such contract OTHER THAN IS PLAINLY EXPRESSED IN THE POLICY ISSUED THEREON."

2. When this entire section is taken and considered in connection with the provisions of section 679, the intent and purpose of the legislature is manifest, *by providing that the whole contract of insurance should appear on the face of the policy itself or on papers attached thereto, in print not less than brevier.* Ky. Stats., secs. 656, 679, 446, 457, 641, 658; Joyce on Ins., vol. 1, sec. 190. The court below properly refused to permit any application, medical examination or other papers or other conditions not appearing on the face of the policy, or on any paper attached thereto, to be read as evidence to the jury, as part of the contract, or as having any bearing thereon. Additional authorities cited in amended brief: New Era Life Assur. v. Musser, vol. 14, No. 2, p. 155, At. Rep.; Cook v. Fed. Life Ass'n, vol. 35, No. 6, p. 500, N. W. Rep.; Met. Life Ins. Co. of New York v. Jenkins' Admr., vol. 10, No. 9, p. 474, At. Rep.; Hebb and others v. Rettanning Ins. Co., vol. 20, No. 23, p. 837, At. Rep.

OPINION OF THE COURT BY JUDGE HOBSON—AFFIRMING.

On October 5, 1897, appellant issued to T. H. Puryear a policy of insurance on his life, in the usual form, for $10.000. On March 18, 1898, Puryear died, and this action was brought to recover on the policy. Appellant defended the action on the ground that Puryear died from suicide, and that it was stipulated in his application that the company was not to be liable if he committed suicide within two years after the policy was issued, "whether sane or insane, voluntary or involuntary." This condition was not contained in the policy, but by its terms the application

was made part of the contract. The application was not attached to the policy, and the court below held that under sec. 656 or 679, Kentucky Statutes, the statements in the application could not be relied on to defeat the action on the policy. Those sections are as follows: "No life insurance company doing business in Kentucky shall make or permit any distinction or discrimination in favor of individuals between insurants of the same class and equal expectation of life in the amount or payment of premiums or rates charged for the policies of life or endowment insurance, or in the dividends or other benefit payable thereon, or in any other of the terms and conditions of the contracts it makes; nor shall any such company or any agent thereof make any contract of insurance or agreement as to such contract, other than is plainly expressed in the policy issued thereon; nor shall any such company or agent pay or allow, or offer to pay or allow, as inducement to insurance, any rebate of premium payable on the policy, or any special favor or advantage in the dividends or other benefit to accrue thereon, or any valuable consideration or inducement whatever not specified in the policy contract of insurance. Every company, or officer or agent thereof who shall violate the provisions of this section, shall be fined in any sum not exceeding five hundred dollars, to be recovered by action in the name of the Commonwealth, and, on collection, paid into the State treasury." Kentucky Statutes, section 656. "All policies or certificates hereafter issued to persons within the Commonwealth by corporations transacting business therein under this law, which policies or certificates contain any reference to the application of the insured, or the constitution, by-laws or other rules of the corporation, either as

forming part of the policy or contract between the parties thereto or having any bearing on said contract, shall contain or have attached to said policy or certificate a correct copy of the application as signed by the applicant, and the portions of the constitution, by-laws or other rules referred to; and unless so attached and accompanying the policy, no such application, constitution, by-laws or other rules shall be received as evidence in any controversy between the parties to or interested in said policy or certificate, and shall not be considered a part of the policy or of the contract between such parties. The said policy or certificate, application, constitution, by-laws or other rules shall be plainly printed and no portion thereof shall be in type smaller than brevier; provided, however, that nothing in this section shall be construed as applying to health certificates or constitutional receipts, or other evidences used in reinstatement of a policy or certificate." Kentucky Statutes, section 679. These sections are from the chapter on "Private Corporations," the fourth article of which relates to insurance. The article is divided into eight subdivisions, as follows: (1) General provisions; (2) insurance, life; (3) assessment or co-operative life insurance; (4) insurance other than life; (5) assessment or co-operative fire insurance; (6) guaranty and surety companies; (7) real estate title insurance companies; (8) insurance department. Neither of the sections quoted is found among the general provisions contained in subdivision 1. Section 656 is a part of subdivision 2, on life insurance; and section 679 is a part of subdivision 3,—assessment or co-operative life insurance. It is insisted for appellant that section 656 relates only to discriminations and rebates, and that section 679 applies only to assess-

ment ór co-operative companies. Appellant is not a co-operative or assessment company.

It is a cardinal rule in the interpretation of statutes to give each clause some effect. The first clause of section 656 forbids, in clear terms, all distinction or discrimination between insurants. Then follow these words: "Nor shall any such company or any agent thereof, make any contract of insurance or agreement as to such contract other than is plainly expressed in the policy issued thereon." To give, the section the construction urged by appellant would be to eliminate from it these words altogether; for without them the remainder of the section would aptly express the idea that appellant insists the sentence was designed to convey. Looking as well to the purpose of the section as to the words used, we think it must mean that the entire contract of insurance is to be plainly expressed in the policy issued thereon, and that it is not to be confined in its operation to discriminations and rebates. The requirement that the whole contract as to life insurance should be set out in the policy was almed not only to prevent discriminations and rebates, but all the evils growing out of uncertainty in these contracts, and the imposition which otherwise might be practiced. Reading section 679 in connection with the three preceding sections and the two following it, the court is of opinion that its terms should be held to apply only to assessment or co-operative life insurance companies which are the subject of that subdivision. But, while this is true, we think it proper to look to this section in determining the legislative intent, as both sections are contained in the same act, and are the work of the same Legislature. And, when the words of one section are capable of two constructions, in determining which construction is proper the court

should look to the entire act, to learn the true legislative intent, and enforce it. There can be no good reason why the application should be attached to the policy of an assessment company and not be attached to the policy of the old-line companies. We are satisfied that the Legislature, in section 656, relating to the old-line companies, had the same thing in mind as in section 679, relating to the co-operative companies. In either case the policy must contain the contract of insurance, and no agreement as to the contract other than is plainly expressed in the policy can be considered. The purpose of the Legislature was that the assured might know from his policy what his contract was, and that contracts not contained in the policy, or written upon the back of it or attached to it, should not be considered, in order to avoid imposition by agents eager to earn commissions, and to avoid the litigation incident thereto after the death of the assured, when his tongue had been forever silenced, and any explanation he might have made could not be told. The stipulations relied on by appellant not being contained in the policy, but in the application, which was not incorporated into the policy or set out in that instrument, the court below properly held that the defense could not be maintained. Judgment affirmed.

Petition for rehearing by appellant overruled.