CASE 4—ACTION BY SUE E. PRICE AGAINST THE FIDELITY MUTUAL LIFE INSURANCE COMPANY, TO RECOVER ON A POLICY ON HER DECEASED HUSBAND.—DEC. 9.

# Fidelity Mut. Life Ins. Co. v. Price.

APPEAL FROM WARREN CIRCUIT COURT.

JUDGMENT FOR PLAINTIFF AND DEFENDANT APPEALS.    REVERSED.

LIFE INSURANCE—FORFEITURE FOR NON-PAYMENT—WAIVER OF FORFEITURE—REVIVAL.

Held:   1. Forfeiture of a life policy for non-payment of an annual premium when due is not waived for the whole year by the company extending time for payment and taking a note therefor, payable four months after date, providing that, if it is not paid at maturity, the policy shall be void.

2. Forfeiture of a life policy for non-payment at maturity of a note for a premium is not waived by a demand for payment of the note after its maturity, this being accompanied by a certificate of health, which showed that the company claimed there was a forfeiture, and insured being informed that the certificate would have to be sent to the home office for approval.

3. Even if the statutory provision that no insurance company shall make any contract of insurance or agreement as to such contract other than is plainly expressed in the policy issued thereon applies to a note given for a premium on extension of time for payment thereof, and providing that, if it is not paid at maturity, the policy shall be void, all of the agreement is void; so that there is no valid extension of time of payment and waiver of the forfeiture provided by the policy for non-payment of the premium then due.

4. Insured can not complain that a certificate of health sent to the company for the purpose of having the policy revived was kept six days, and then returned not approved.

F. H. CALKINS, SIMS & GRIDER, AND FAIRLEIGH, STRAUS & FAIRLEIGH, FOR APPELLANT.

## POINTS AND AUTHORITIES CITED.

1. Where the policy becomes void on failure to pay premium, a note taken for the premium is not payment, if the note also

provides that policy shall be void on failure to pay same at maturity. It is only a postponement of the time of forfeiture. Knickerbocker Ins. Co. v. Pendleton, 112 U. S., 696; Johnson v. Southern Mutual Life Ins. Co., 79 Ky., 403; St. Louis Mutual Life Ins. Co. v. Grigsby, 10 Bush, 310-14; Moreland v. Union Central Life Ins. Co., 20 R., 435; Union Central Life Ins. Co. v. Duvall, 20 R., 443; Manhattan Ins. Co. v. Pentecost, 20 R., 1443; Thompson v. Insurance Co., 104 U. S., 257; Palmer v. Phenix Mutual Life Ins. Co., 84 N. Y., 70.

2. Receipt given for premium is not payment, if money is not actually paid. Knickerbocker Ins. Co. v. Pendleton, 112 U. S., 696; Moreland v. Union Central Ins. Co., 20 R., 435; Union Central Ins. Co. v. Duvall, 16 R., 398.

3. Demanding payment of a past due note unaccompanied by any act showing that the forfeiture is claimed would amount to a waiver, but if the demand is accompanied by acts showing that the forfeiture is claimed, there is no waiver. Home Ins. Co. v. Karn, 19 R., 276; Moreland Union Central Life, 20 R., 435.

4. Where the policy has lapsed or become void, nothing short of a new contract based on valid consideration, or conduct amounting to estoppel, can revive it. May on Insurance, paragraph 70, (C.).

LEWIS McQUOWN, FOR APPELLEE.
(No brief in the record.)

OPINION OF THE COURT BY JUDGE PAYNTER—REVERSING.

On the 22d of April, 1896, in consideration of $217.00, and the payment of a like sum annually thereafter on the 22d of April of each year, the appellant issued a policy on the life of George T. Price for $10,000, payable at his death to Sue E. Price, wife of the insured. Before the annual premium became due April 22, 1900, the insured asked the company to grant an extension of four months in which to pay the premium. The manager of the appellant's Louisville office notified Price that he had no authority to grant the extension without the approval of the home office, and inclosed a note for his signature,

stating that the matter would be submitted to the home office, and that he would be advised of the result. The note was dated April 22, 1900, payable four months after date, and it was accepted by the company. It matured on August 22, 1900. Before this note matured, Price requested the Louisville office to extend the time for its payment. He was again advised that the home office alone had the authority to grant the extension. The home office declined to waive the payment of the note, but agreed to accept $50 and a new note for $174.74, payable three months after date. This note matured November 20, 1900. He failed to pay that note, and died on the 10th day of December, 1900.

Among other provisions, the policy contained the following:

"Provided, any moneys required to be paid under this policy, during the continuance of the contract, must be actually paid when due to the said association, and no dues or premiums on this policy shall be considered paid, unless a receipt shall be given therefor, signed by the president and treasurer, and countersigned by the agent or person to whom payment is made, as evidence of such payment to him; otherwise this policy shall be ipso facto null and void, and all moneys paid hereon shall be forfeited to the said association."

"With the written approval of the president or vice president, the beneficiary herein named may be changed upon the written request of the member, by the surrender of this policy."

"In case of lapse or forfeiture of this policy, it may be revived upon the approval of the president or vice president and medical director subject to the rules of the association."

"No agent of the association has any power or authority to make, alter or discharge contracts, waive forfeitures, or grant credit; and no alteration of the terms of this contract shall be valid, and no forfeiture hereunder shall be waived, unless such alteration or waiver be in writing and signed by the president of the association."

This action was instituted by the beneficiary, Sue E. Price, to recover the amount of the policy, to-wit, $10,000. Questions raised by counsel will be made to appear in this opinion, hence it is unnecessary to summarize them.

The failure to pay the note executed for the balance of the premium, which matured November 20, 1900, is admitted. Counsel for the appellee urge that the appellant waived the forfeiture, and when once waived it could not be exercised during the ensuing year; that this right of forfeiture existed on the 22d day of April, 1900, and the acceptance of the four-months note for the annual premium due that day was an election to waive the forfeiture for the entire year. By the terms of the policy it becomes ipso facto null and void, unless the moneys required to be paid by it are actually paid when due. At the request of the insured the company extended the time for the payment of the premium for four months which matured April 22, 1900. This was done as an accommodation to the insured. Except for that act, he would either have been forced to pay the premium, or have allowed his policy to lapse. The company did not agree to waive its right of forfeiture, or relieve the insured from his obligation to pay the premium. It simply agreed to postpone the payment of the premium for four months, and that it would not exercise its right of forfeiture for that period. It did not agree that it would not exercise its right of forfeiture upon the failure of the insured to pay the note at its maturity.

On the contrary, the company and Price agreed that the execution of the note was simply setting forward the time of forfeiture, and that the right to forfeit was to be exercised at the maturity of the note unless it was then paid, for it is recited in the note: "If this note is not paid at maturity, policy D67,852 issued by the Fidelity Mutual Life Insurance Company, of Philadelphia, for which it is given, shall be null and void, without notice to the maker thereof, and without any act on the part of the company, and shall remain so until restored by its terms." It was said in St. Louis Mutual Life Insurance Co. v. Grigsby, 10 Bush, 310: "Where, as a matter of favor to the insured, credit is extended him for some portion of a cash premium, the failure to pay the note representing such portion is regarded as a failure to pay the premium and the policy will be forfeited." The same doctrine is announced in Moreland v. Union Central Life Insurance Co., 104 Ky. 875, 59 S. W., 30; Same v. Pentecost, 105 Ky., 642, 20 R., 1442, 49 S. W. 425. The same doctrine is recognized in Moreland v. Union Central Life Insurance Co., 104 Ky., 129, 20 R., 432, 46 S. W., 516, and Union Central Life Insurance Co. v. Duvall, 20 R., 441, 46 S. W., 518. The parties had the same right to agree to the extension of the time for the payment of the premium and the setting forward of the time of forfeiture as they had to enter into the original contract of insurance. The beneficiary named in the policy had no vested rights in it; because it is expressly provided therein that the insured may change the beneficiary by the surrender of the policy. Besides, under the express terms of the policy, if the beneficiary was not changed, she did not have any rights under it, unless the premiums were actually paid. She could not complain because the company as a matter of grace extended the time

of payment of the premium and the time for the exercise
of the right of forfeiture. It is contended by counsel for
the appellee that the case of Johnson v. Southern Mutual
Life Insurance Co., 79 Ky., 403, 3 R., 26, supports his posi-
tion. That case expressly recognizes the doctrine which
we here enunciate, for the court said in that case: "The
execution of the note for $107, and the extension of time
for its payment beyond the day on which the annual premi-
um was agreed to be paid for the year ending October
21, 1875, did not constitute a waiver of the forfeiture of the
policy upon the part of the company, but it was an agree-
ment not to enforce the consequences of the forfeiture for
ninety days after the period at which it was originally
agreed the forfeiture should take place. (St. Louis Mut.
Life Ins. Co. v. Grigsby), 10 Bush., 314. The court, how-
ever, seems to hold in that case that an unconditional de-
mand for the payment of the note and the retention of it
by the company amounted to a waiver of forfeiture for
the premium year.

It is urged that the forfeiture was waived by an uncon-
ditional demand for the payment of the note of $174.74
after maturity. The question presented is not one of pre-
venting the lapse of a life policy, but of the revival of one
which has already been forfeited. Both the appellant and
Price understood that the failure to pay the note operated
as a forfeiture of the policy. Under the doctrine which
this court has repeatedly announced, if there had been an
unconditional demand for the payment of the note after
its maturity, unaccompanied by an explanation showing
a different intent, it would be evidence in itself of an inten-
tion to waive the forfeiture. Moreland v. Union Central
Life Insurance Co., supra. In that case the court said:
"We can see how, without a waiver of the forfeiture being

manifested, the note might not be returned to the assured
through oversight or negligence, or even be retained
for the purpose of allowing the assured to reinstate the
policy by its payment; but a demand of payment, unac-
companied by an explanation showing a different intent,
is evidence in itself of an intention to waive the forfeiture.
It seems to us that to send the note to its attorneys for
collection, and to demand its payment, are evidence of an
intention to waive the right to insist on a forfeiture."
Union Central Life Insurance Co. v. Duvall, supra. In
passing upon the question of waiver of the right of for-
feiture in Phoenix Insurance Co. v. Stevenson, 78 Ky., 156,
the court said: "The act or conduct of the company, in
order to operate as a waiver of its right to rely upon the
breach as a release from liability, must be such that the
insured might reasonably infer therefrom that the com-
pany did not mean to insist upon the forfeiture The in-
sured must have been misled to his prejudice." Price
well knew from the terms of his policy and previous trans-
actions under it that when the policy lapsed for the non-
payment of premiums the forfeiture could only be waived
at the home office in the prescribed way. It is true, the
Louisville office demanded the payment of the note, but
that demand was accompanied by a request that he sign
a certificate of health, which was to be approved by certain
officers of the company at its home office. When the
manager of the Louisville office demanded the payment
of the note, he inclosed a certificate of health, which showed
that the company claimed the policy was forfeited. So
the demand was not unconditional, but was accompanied
by the claim that a forfeiture of the policy was claimed.
In addition to that, Price was advised that the certificate
of health would have to be sent to the home office for ap-

proval. Price on December 1, 1900, signed a certificate
of health containing the following language: "Policy No.
D67,852 on my life issued by the Fidelity Mutual Life
Insurance Company, being void by reason of the nonpay-
ment of the note 6.419, due and payable thereon the 20th
day of November, 1900: Now, therefore, for the purpose
of obtaining a revival of said policy, and as a basis of such
a revival, . . . . ." This shows that Price understood
that the company claimed that the policy was forfeited,
and he applied to it to have the forfeiture waived. We
are of the opinion that there was no unconditional demand
for the payment of the note.

It is claimed for the appellee that the note for the pre-
mium containing the forfeiture clause for failure to pay is
a contract as to insurance, and void under the statutes,
unless attached to the policy. In support of that conten-
tion Provident Savings Life Assurance Society v. Puryear's
Adm'r, 109 Ky., 381, 22 R., 980, 59 S. W., 15, is cited. The
statute referred to among other things provides that no in-
surance company "shall make any contract of insurance
or agreement as to such contract other than is plainly ex-
pressed in the policy issued thereon." Ky. Stat., 1899, sec-
tion 656. This clause evidently is not applicable to the
facts of this case. It relates to the time the policy was
issued. If it had the effect, as contended by counsel, that
the note was void, and likewise its provisions, because it
was not attached to the policy, the appellee could not get
any benefit from the execution of the note. If it was void
because it was not attached to the policy, its terms would
not be binding on either party. The logic of counsel's
position would be that, as there was no valid agreement
between the parties as to the extension of time for the pay-
ment of the premium, the policy was forfeited on the 20th

of November, 1900, and the insured was never relieved from the forfeiture. If the contract was void, then the court would not uphold the part that was beneficial to the insured, to-wit, the extension of time for the exercise of the right of forfeiture, and deny the company the right to insist upon the forfeiture upon the failure to perform that part of the contract which induced the company to extend the time for declaring the forfeiture.

The certificate of health was signed December 1, 1900, mailed to the home office in Philadelphia, where it was received and retained for about six days before it was returned not approved. It was a matter for the company alone to determine whether it would approve the certificate of health and waive the forfeiture, and the insured could not complain of the delay of the company in rejecting the application for the restoration of the policy. There is no conflict in the evidence. The material part of it was in letters and writings. Therefore we are of the opinion that the court should have given a peremptory instruction to find for the defendant.

The judgment is reversed for proceedings consistent with this opinion.

Petition for rehearing by appellee overruled.