## Fidelity Mutual Insurance Company v. Preuser.

(Decided April 28, 1922.)

### Appeal from Jefferson Circuit Court
### Common Pleas Branch, Second Division).

1. Insurance—Co-operative or Assessment Plan—Legislative Intent.
   —Section 679, Kentucky Statutes, as amended by the act of March 20, 1914, applies to insurance upon the co-operative or assessment plan, but it can be considered in determining the legislative intent in enacting section 656 of Kentucky Statutes, which prohibits the making of any contract of insurance or agreement as to such contract other than is plainly expressed in the policy issued.

2. Insurance—Application—Evidence.—The application for insurance or a copy thereof must be attached to or recited in the policy, otherwise it cannot be received in evidence, and under section 656 of Kentucky Statutes statements in the application available as a defense must be reasonably legible.

3. Insurance—Photographic Statements Attached to Policy.—Statements of the insured in his application for a policy are not available as a defense to a suit on the policy, where the photographic copy of the statements attached to the policy are not reasonably legible on account of the print in the copy.

4. Insurance—Copy of Application Attached to Policy—Waiver.—Where the insurer fails to attach to the policy of insurance a copy of the application that is reasonably legible, it is a waiver of the insurer's right to avail itself of the statements in the application as a defense.

BRUCE & BULLITT for appellant.

BARRETT, ALLEN & ATKISSON and LAWRENCE F. SPECKMAN for appellee.

OPINION OF THE COURT BY JUDGE MOORMAN—Affirming.

On October 29, 1918, the Fidelity Mutual Life Insurance Company issued a policy of $2,000.00 on the life of William E. Preuser, payable at his death to Dorothy S. Preuser, the appellee. On September 9, 1919, the insured died and this action was brought to recover on the policy.

Appellant defended the suit on the ground that in the signed application for the policy William E. Preuser made certain representations as to material facts pertaining to his health which were untrue, it being alleged that the policy of insurance provided that "this contract is made in consideration of the application of the above named insured, a copy of which is attached hereto and made a part hereof."

The policy with a photographic copy of the application attached was filed with the petition. Relying upon the statements made in the application as a defense, answer was filed to which a demurrer was sustained by the trial court. Appellant filed an amended answer alleging that the photographic copy of the application was somewhat reduced in size from the original application, but as reduced was more than one-half as wide and more than one-half as long, to-wit: about 60 per cent as long as the original application, and averred that for many years past it had been the custom of life insurance companies generally in the United States to attach to Kentucky policies an accurate photographic copy (reduced in size about as much as the photographic copy in this case was reduced in size) of the written application for such policy. A demurrer to the answer as amended was sustained, and, appellant declining to plead further, judgment was entered in favor of appellee for the face value of the policy with interest at the rate of 6% per annum from December 22, 1919, until paid. From that judgment this appeal is prosecuted.

In speaking of the photographic copy of the application attached to the policy the trial court aptly said:

"Turning to a critical examination of the paper exhibited, it is manifest that the average, ordinary policyholder could not take this paper and in an ordinary business way get from it the questions and the answers and the representations and the agreements which the original application contained. If it was possible for him to make out each word, the effect of presenting the copy in this form is to deter a policyholder from undertaking such an arduous task. One must have more than ordinarily good eye-sight to be able to decipher all of the words and to read all of the sentences on the paper."

And further: "The court has reached the conclusion that this paper which purports to be a photographic copy of the application is not legible." In view of that conclusion of fact it was held that the application was inad-

missible as a defense under sections 656 and 679 of Kentucky Statutes.

The appellant's contention seems to be that section 679, Kentucky Statutes, as amended by the act of March 20, 1914 (Acts 1914, page 156), is inapplicable, since that act relates to insurance upon the cooperative or assessment plan. That position is sustained by Provident Sav. Life Assurance Soc. v. Puryear's Admr., 109 Ky. 381, and other authorities that might be cited. However, section 656, Kentucky Statutes, provides, "nor shall any such company or any agent thereof make any contract of insurance or agreement as to such contract other than is plainly expressed in the policy issued thereon." The policy in question provides, "that the contract is made in consideration of the application of the above-named insured, a copy of which is attached hereto and made a part hereof." Thus by the terms of the policy the application was made a part of the contract, and by the provision of the statute referred to the making of any contract of insurance or agreement as to such contract other than is plainly expressed in the policy is prohibited. The purpose of that provision was to furnish to both parties the entire contract between them and to enable them both to be informed of the exact terms of the policy.

It is well settled that an application must be attached to or recited in the policy, otherwise it cannot be received in evidence. (Manhattan Life Ins. Co. v. Myers, 109 Ky. 372; Southern States Mutual Life Ins. Co. v. Herlihy, 138 Ky. 359; American Patriots v. Cavanaugh, 154 Ky. 653.) And while this has been more generally held under section 679 than under section 656 of Kentucky Statutes, the reason for the rule is plainly included in the latter section which requires that no contract of insurance shall be made other than is plainly expressed in the policy issued. Discussing the subject in Provident Saving Life Assurance Society, *supra,* the court said:

"But, while this is true, we think it proper to look to this section in determining the legislative intent, as both sections are contained in the same act, and are the work of the same legislature. And when the words of one section are capable of two constructions, in determining which construction is proper the court should look to the entire act, to learn the true legislative intent and enforce it. There can be no good reason why the application should be attached to the policy of an assessment company and not be attached to the policy of the old-line

companies. We are satisfied that the legislature, in section 656, relating to the old-line companies, had the same thing in mind as in section 679, relating to the cooperative companies. In either case the policy must contain the contract of insurance, and no agreement as to the contract other than is plainly expressed in the policy can be considered.''

Plainly expressed, in our opinion, means something more than an expression requiring unusually good eyesight to decipher. In addition to clarity of terms, it means legibility, something ''capable of being read or deciphered; distinct to the eye'' or a ''fair legible manuscript,'' as the term legible is defined by Webster; or as the Standard Dictionary defines it, something ''that may be read; especially that may be read with ease, as legible handwriting, &c.'' The failure to attach to the policy a copy of the application that is reasonably legible was, in our judgment, equivalent to a waiver of appellant's right to claim under the application. The printing in the photographic copy is too small and indistinct to effectuate the purpose of the statute, which, as we have indicated, is to enable the policyholder as well as the insurer to be fully informed at all times of the exact terms of the contract of insurance. This view is not in conflict with Western & Southern Life Ins. Co. v. Weber, 183 Ky. 32, for in that case there was no reference in the contract of insurance to the documents relied on. Nor does it conflict with Moriarty v. Metropolitan Life Insurance Co., 180 Ky. 207, because the papers in that case were not signed by the insured and, therefore, were not a part of the contract.

Our conclusion is that the provisions of the application relied on as a defense are not available as such, and, accordingly, it was proper to sustain the demurrer to the answer as amended. The judgment is, therefore, affirmed.