## National Life & Accident Ins. Co. v. Barlow.

(Decided Feb. 28, 1933.)

810

CHAS. A. McMILLAN for appellant.
GEORGE BATTERTON for appellee.

OPINION OF THE COURT BY JUDGE RATLIFF—Affirming.

On October 8, 1930, Charles E. Barlow entered into a contract of insurance with the National Life and Accident Insurance Company, in which his wife, Nell Barlow, appellee herein, was named beneficiary. A copy of the policy, filed with the petition, discloses that the insured gave his occupation as that of a tire salesman, office and selling duties in store only. The principal sum stipulated in the policy was $1,000, and the insured paid a premium of $3.60 per month, which was the rate of premium to be paid for the occupation named.

On the 6th day of December, 1931, the insured, Charles E. Barlow, engaged in assisting the fire de-

partment of the city of Paris in fighting a fire. He was not employed as a fireman, and received no compensation for his services. His assistance was that of a volunteer. While thus engaged in fighting the fire, a brick wall fell upon him which resulted in his death.

The appellee, Nell Barlow, who was named beneficiary in the policy, instituted this suit in the Bourbon circuit court for the recovery of the face of the policy, $1,000, designated therein, as the principal sum. Later by an amended petition the plaintiff below asked for an additional sum of $200, pursuant to a clause in the policy which reads as follows:

"For each period of three consecutive months of such time as this policy shall have been continuously in force immediately preceding the date of the accident, five per cent shall be added to the initial principal sum until such additions shall amount to 50 per cent. of such initial principal sum, and thereafter, if this policy is kept in continuous force it shall be further increased by the addition of the total amount of premiums paid on this policy prior to the date of any such specific loss.

"The amount of 'the principal sum' as used herein shall be the initial principal sum plus any such additions that may have accrued at the date of any such specific loss."

In her amended prayer, she asked that she be adjudged the sum of $1,200.

The insurance ocmpany in its answer denied liability for the principal sum of the policy or any sum more than $120, which it tendered and offered to pay the plaintiff. It bases its defense on a clause in the policy, which reads:

"This policy includes the indorsements and attached papers, if any, and contains the entire contract of insurance except as it may be modified by the company's classification of risks and premium rates in the event that the insured is injured or contracts sickness after having changed occupation to one classified by the company as more hazardous than that stated in the policy, or while he is doing any act or thing pertaining to any

occupation so classified, except ordinary duties about his residence or while engaged in recreation, in which event the company will pay only such portion of the indemnities provided in the policy as the premium paid would have purchased at the rate, but within the limits so fixed by the company for such more hazardous occupation.''

Appellant insists that Charles E. Barlow was insured under class A as a tire salesman, but when he was killed he was performing the duties of a fireman, acting as hoseman, which occupation is classed X in the manual of the insurance company, and that, according to the classification X, the policy should be adjusted on that basis, which was the sum of $120.

The defendant further pleads in its answer that at the time the insured was injured he was not performing the duties of a tire salesman, but was engaged as a fireman, an occupation or act more hazardous than that of a tire salesman. A demurrer was filed to the answer and overruled. Plaintiff then filed her reply, in which she alleged that Charles E. Barlow was killed while engaged in an act not pertaining to his duties as a tire salesman; that at the time he was killed he was not following an occupation, nor in an occupation as a fireman or hoseman, and had not changed his occupation from that of a tire salesman; that he was merely performing a voluntary act which was not pursuant to his usual occupation as a tire salesman; neither was said act pursuant to an occupation as a fireman or hoseman; that he went to the place of said fire voluntarily; aided and assisted the firemen in fighting the fire, and while so doing, received the injuries which caused his death. The defendant filed demurrer to the reply, which was also overruled, whereupon defendant filed its rejoinder. After denying the allegations of the reply, it (appellant) pleaded affirmatively that the decedent, Charles E. Barlow, at the time he received the injury, was following a habit, and that it was the habit of the decedent when there was a fire alarm to go to the fire and volunteer his services as an extra fireman without compensation, and that, while acting as a hoseman the said injury occurred, and further alleged that he received his injury while doing an act or thing pertaining to the occupation of a fireman and that the said thing he was doing was

not at his home nor did not pertain to the ordinary duties about his residence, as stipulated in the policy. A demurrer was filed to the rejoinder which was sustained. Defendant declined to plead further, and the court rendered judgment in favor of the plaintiff, appellee herein, in the sum of $1,200, in accordance with the prayers of the amended petition, from which judgment the insurance company has prosecuted this appeal.

It is insisted for appellant that the demurrer to the petition should have been sustained. But we think the allegations of the petition taken together with the insurance policy under the law applicable thereto, stated a cause of action. Ætna Insurance Co. v. Milward, 118 Ky. 716, 82 S. W. 364, 26 Ky. Law Rep. 589, 68 L. R. A. 285, 4 Ann. Cas. 1092; Standard Accident Ins. Co. v. Patton, 202 Ky. 566, 260 S. W. 371. But, if the petition had been demurrable, the defect was cured by further pleadings. Commonwealth Life Ins. Co. v. Burnett, 214 Ky. 156, 282 S. W. 1072. It is further argued in brief for appellant that Charles E. Barlow was insured under class A of the policy as a tire salesman, but when he was killed he was performing the duties of a fireman, and, according to the provisions of the policy, his claim should be adjusted as that of a fireman, under class X, as shown on page 42 of the manual; that, inasmuch as he was engaged in acting as a fire hoseman, his claim should be adjusted under that class, which, according to the manual, would be the sum of $100 plus 20 per cent. increase, making the accumulated principal sum $120.

It is admitted in brief for appellant that the insured had not changed his occupation, and that the question of change of occupation does not apply. Appellant bases its defense solely on the fact that insured, when injured, was engaged in an act not pertaining to his duties as a tire salesman.

The question then before us to be determined is whether or not an isolated act, not pursuant to a regular occupation, is sufficient to defeat the claim of the insured, unless such provisions were copied in the policy or attached thereto and made part of the contract. The language used in the policy is:

"This policy includes the indorsement and attached papers, if any, and contains the entire contract

of insurance, except as it may be modified by the company's classification of risks and premium rates. * * * "

But the fact remains that there were no attached papers nor other modifications. The words "may be" imply possibility or probability, but do not mean that it is done without further action.

It is insisted for appellee that, inasmuch as the rating under X in the manual of the company referred to and relied on as a defense was not copied into, attached, or otherwise made a part of the contract, it cannot be resorted to as evidence or otherwise interposed as a defense. Kentucky Statute, sec. 679, reads:

"All policies or certificates hereafter issued to persons within the commonwealth of Kentucky by corporations transacting business therein under this law, which policies or certificates contain any reference to the application of the insured, or the by-laws, or the rules of the corporation, either as forming part of the policy or contract between the parties thereto, or as having any bearing on said contract, shall have such application, by-laws and rules, or the parts thereof relied upon as forming part of the policy or contract between the parties thereto, or as having any bearing on said contract, attached to the policy or certificate, or printed on the face or reverse side thereof, and unless either so attached and accompanying the policy, or printed on the face or reverse side thereof, shall not be received as evidence in any action for the recovery of benefits provided by the policy or certificate, and shall not be considered a part of the policy, or of the contract between the parties. * * *"

Appellant does not contend that the rating under X, which class includes fire hosemen, was copied into or otherwise attached to the policy, and apparently gives as reasons therefor that the manual of classifications of risks is a book of 134 pages and it would be impossible to copy the manual into each policy of insurance, and that the manual was specifically referred to in the policy and a copy then was and now is deposited with the insurance commissioner for the state of Kentucky.

We agree with the appellant that it would have been very impracticable to copy the entire manual into

the policy, which, of course, was unnecessary. But it would have been practicable to copy that particular part of the manual referred to and attach same to the policy and make it a part of the contract.

In the case of Miller v. Missouri State Life Ins. Co., 168 Mo. App. 330, 153 S. W. 1080, the court used this language: A "manual" classifying risks but not made a part of the policy of insurance, is not a part of the contract, unless embodied "therein and made a part thereof in plain, unmistakable terms." To the same effect, Tracey v. Standard Accident Ins. Co., 119 Me. 131, 109 A. 490, 9 A. L. R. 521.

Section 679, Ky. Stats. is plain and mandatory in its provisions, and a mere reference to any rules, by-laws, manuals, and rate books, is not admissible as evidence to determine the rights of the insured unless such documents are written into or attached to the policy and made a part of the contract. Provident Sav. Life Assur. Soc. v. Puryear's Adm'r, 109 Ky. 381, 59 S. W. 15, 22 Ky. Law Rep. 980; Letzler's Adm'r v. Pacific Mutual Life Ins. Co., 119 Ky. 924, 85 S. W. 177, 27 Ky. Law Rep. 372; Fidelity Mutual Ins. Co. v. Preuser, 195 Ky. 271, 242 S. W. 608; Short's Adm'x v. Reserve Loan Life Ins. Co., 175 Ky. 554, 194 S. W. 773; Masonic Life Ass'n of Western New York v. Robinson, 149 Ky. 80, 147 S. W. 882, 41 L. R. A. (N. S.) 505.

It has been held, however, that by-laws, though not attached may be considered as a part of the insurance contract when necessary to ascertain the amount of the insurer's liability. Corley v. Travelers' Protective Ass'n (C. C. A.) 105 F. 854; Nuetzel v. Traveler's Protective Ass'n, 168 Ky. 734, 183 S. W. 499; Supreme Tent of Knights of Maccabees of the World v. Dupriest, 235 Ky. 46, 29 S. W. (2d) 599.

Thus it may be seen that unattached documents may be examined to ascertain the obligation of the insurer, but cannot be examined to ascertain the obligation or otherwise affect the rights of the insured. Very obviously, this statute was made for the protection of the insured. Insurance companies have their agents, many of whom are well versed and trained in the technicalities of the subject of insurance. They solicit and write insurance for the public generally which, of course, includes the uneducated and untrained in the

subject of insurance. So, if mere reference to manuals, by-laws, or other documents and rules of the company, unattached or otherwise made part of the policy, were permitted to be used by the company as evidence against the insured, it would afford insurance companies a wide opportunity to perpetrate frauds upon the public.

It is argued in brief for appellant that the issues presented in the pleadings in this case should have been submitted to the jury, and in support of this contention cites Kentucky Life & Accident Ins. Co. v. Franklin, 102 Ky. 512, 43 S. W. 709, 711, 19 Ky. Law Rep. 1573. An examination of this case discloses that it is more favorable to appellee. In the course of the opinion in the case, supra, the court incidently remarked that the question of whether insured was injured " 'while doing an act or thing pertaining to the occupation of a hunter' was submitted to the jury. This was as much as the company could ask.'' Then in the next sentence immediately following, the court used this language:

"It seems to us the language of the condition upon which the indemnity was to be reduced has reference to acts or things done in following an occupation or business, and not to individual acts.''

In view of the facts and the law applicable thereto, we conclude that the trial court did not err in rendering judgment for the plaintiff.

Judgment is affirmed.