### AMERICAN LIFE AND ACCIDENT INSURANCE COMPANY of Kentucky, Appellant,

v.

### Clarence CLARK, Appellee.

Court of Appeals of Kentucky.

Oct. 21, 1966.

**434**

Harold D. Ricketts, Harlin, Parker & Ricketts, Bowling Green, for appellant.

Terry L. Hatchett, Glasgow, for appellee.

WALLIS DOWNING, Special Commissioner.

This action was brought by Clarence Clark, appellee beneficiary, to recover of the American Life and Accident Insurance Company of Kentucky the sum of $2000.00 by reason of the death of his son, the insured, by external violent and accidental means. On Monday, April 15, 1963, an industrial insurance policy on the life of R. T. Clark, deceased, was issued. The consideration was payment of the sum of eighty cents per week on or before each Monday. During the continuance of the policy weekly premiums were paid on the policy up to and including October 14, 1963. Thereafter on November 27, 1963, Clarence Clark paid to Edward C. Edge, the agent for the company, $6.40, which was sufficient to pay all premium arrearages to and including December 9, 1963. A conditional receipt was thereupon issued which included the following:

"In the event that one or more conditional receipts have been given in payment of premium arrearages, it is understood that the policy or policies on which said arrearages are due shall not be considered in force or effect until the full amount of said premium arrearages shall have been paid, and the insured be alive, and in sound health. The payment or offer by the company of the total amount evidenced by any or all conditional receipts, not entered in premium receipt book, shall constitute a complete release of the company from any and all obligations under such policy or policies so in arrears."

Edward C. Edge, agent, remitted the collection of the premium of $6.40 to the district office of the American Life and Accident Insurance Company at Bowling Green, Kentucky on November 29, 1963, with an

application for a reviver of the policy certifying that R. T. Clark was then alive and in good health. The district office then immediately forwarded the premium of $6.-40 less certain commission to the home office of the appellant in Louisville, Kentucky. Upon receipt of the arrearage of premium and the application for reviver, the home office approved the reviver and withdrew the policy of R. T. Clark from the record of lapsed policies to be returned to the records of reinstated policies. The premium was credited to the account in Louisville on or about Monday, December 2, 1963. The details to revive the policy were performed in the Louisville office. The remaining acts to be done by the company were to send notice of reviver, and to put its record sheet in the active policy file, which it expected to do on Monday, December 9, 1963, and in addition for the agent to sign the insured's premium receipt book. Notice of reinstatement was mailed to the agent of the American Life and Accident Insurance Company of Kentucky at Cave City, Kentucky, and was received by him on December 7, 1963, the day before the death of the insured.

On December 8, 1963, R. T. Clark was injured in an automobile accident and he died that day as a result thereof.

The Policy provided:

"4. POLICIES HAVING LAPSED may be revived by the Company, if not more than three (3) years' premiums are past due, upon written application of the insured and the presentation of evidence satisfactory to the Company of the sound health and insurability of the insured and upon the payment of all premiums in arrears, provided that there shall be no liability whatever under this policy for death resulting from accident occurring or illness contracted or commencing prior to the date of the revival."

■ There was evidence that the Louisville office record was the official record

of the company, and that the agent's signature in the insured's receipt book was solely for the insured's benefit, and there was no by-law of the company authorizing or providing for the postponement of the effective date of the reinstatement. The company appropriated the amount of the premium that had been paid to it and placed it to the credit of the insured, R. T. Clark. When the company accepted the premium and decided that the insured was entitled to have his policy reinstated on its books, the company could not impose a condition binding upon the insured to the effect that the reinstated policy would not be binding on it until Monday, December 9, 1963. There is nothing in the policy nor the applicable statute (KRS 304.882) that the effect of the reinstatement could be postponed to a later date. Under the facts in this case there was no binding release to the company by reason of the statements in the conditional receipt. The provisions of the policy constituted an entire contract between the parties (KRS 304.876).

■ The rules of the company, uncommunicated to the insured, may not be used by the company as evidence against the insured, which would afford the insurance company opportunity to deny liability, a right not given in the policy. National Life & Accident Ins. Co. v. Barlow, 247 Ky. 809, 57 S.W.2d 997. (Although the policy there was not an industrial policy, the same principle applies here.) The contract of reviver must under such circumstances be regarded as complete and binding on the parties before the death of the insured. It was the duty of the agent to complete the reinstatement. A new policy of life insurance, having been delivered to the agent by the company, but not delivered to the insured prior to his death, was held to be complete and binding on the parties prior to the death of the insured. See Mutual Life Insurance Company of New York v. Thompson, 94 Ky. 253, 22 S.W. 87. The same rule applies to reinstatement of the lapsed policy under the facts of this case.

The company was permitted a reasonable time within which to investigate the application for reinstatement or revival, and it had the right to deny the reinstatement. Upon accepting the application for reinstatement of the policy on its books and withdrawing the policy as lapsed, it was effective as of that date. The waiting period after reinstatement was to its own advantage, although, according to the evidence, the premium receipt book was to be signed on the following Monday. The company could not refuse to pay the beneficiary under the policy for the sole reason that the insured died before the entry in the receipt book after it had accepted the premium and decided to reinstate the policy.

29 Am.Jur., Insurance, Sec. 374, p. 727, reads in part as follows:

"Some courts hold that where a policy provides for reinstatement or revival after lapse or forfeiture, subject to certain conditions precedent, most common among which are the payment of past-due premiums and tender of satisfactory evidence of insurability, and such conditions have been performed prior to or simultaneously with the application, reinstatement occurs automatically upon the making of the application, and the insurer cannot avoid liability under the policy on the ground that loss intervened before it had formally accepted or approved the reinstatement. Others take the view that where a life or accident policy provides for reinstatement after lapse or forfeiture, and the insured applies for reinstatement in accordance with such provision, the insurer must be allowed a reasonable time within which to approve or disapprove the application, and if loss occurs prior to the expiration of such time, no recovery on the policy may be had." * * *

In Smith v. Pacific Mutual Life Insurance Co., 192 F.2d 248 (6th Circuit), in an opinion by Judge Shackelford Miller, Jr., it was held that the reinstatement of a policy automatically occurs upon the performance by the insured of the conditions precedent. In that case the policy was held not to have been reinstated pending its approval by the company.

The case of Denton v. Provident Life & Accident Ins. Co., 238 Ky. 26, 36 S.W.2d 657, denied illness benefits under the terms of the policy, and that case holds that an insured is charged with knowledge of the conditions in the policy. That case is distinguished by the facts from this accidental death case. It was conceded:

" * * * that where an insurance company accepts and retains an overdue premium without notice to the insured that conditions are imposed upon reception of the premium, it will be held to have waived any right of forfeiture it may have had or estopped to claim that the policy was not in effect. See Equitable Life Assurance Society of New York v. Brewer, 225 Ky. 472, 9 S.W.(2d) 206."

■ The method of doing business does not affect the company's obligation under the policy, even though the company's records entered on December 2, 1963 stated that the reviver was to become effective on Monday, December 9, 1963. This was an arbitrary date fixed by the company and was not authorized by the policy.

■ While the company was given the option to revive, it was not given the right to postpone the reviver without the consent of the insured, and place a condition that the reviver was to be effective at some future date. No such condition was communicated to the insured, and neither he nor the appellee-beneficiary was charged with knowledge. It was incumbent upon the company to bring home to the insured a condition, if authorized by the policy, which it desired to impose. See Equitable Life Assurance Society of New York v. Brewer, 225 Ky. 472, 9 S.W.2d 206, and Business Men's Assurance Company of America v. Richardson's Administratrix, 234 Ky. 838, 29 S.W.2d 563.

The trial court, after his finding of facts, concluded as a matter of law:

"It is the opinion of the Court that at the time of the insured's death on December 8, 1963, all conditions and precedents, which the policy required to reinstate a lapsed policy were done and performed by both the insured and the company prior to the insured's death."

The trial court's findings of fact are supported by the evidence and the conclusions of law are not erroneous and the findings should not be set aside. (C.R. 52.01) Consequently, the appellee was entitled to his judgment.

The judgment is affirmed.