**248**

**TWIN CITY FIRE INSURANCE COMPANY, Appellant,**

**v.**

**Laura TERRY, Administratrix of the Estate of George Terry, Deceased, Appellee.**

Court of Appeals of Kentucky.

Oct. 22, 1971.

Wesley P. Adams, Jr., Stephen F. Schuster, Ogden, Robertson & Marshall, Louisville, for appellant.

James Steven Hogg, Jackson, for appellee.

DAVIS, Commissioner.

The appellee obtained judgment against the appellant fire insurance company for the alleged destruction by fire of personal property owned by her decedent and insured by the appellant company. On this appeal from that judgment, the company contends that the action was barred by a policy provision against any suit filed more than twelve months after the inception of the loss, and that the verdict was flagrantly against the evidence.

Admittedly, the complaint was filed later than twelve months after the inception of the loss and would be barred *if* the policy contained the provision referred to. The crux of the matter rests in the claim of the appellee that the policy, as mailed to her decedent, did not have in it the clause relating to a limitation for filing a suit.

The company presented evidence to the effect that the regular routine of its agents was to assemble such a policy by gluing together three separate documents. These consisted of Part 1, Form 4024, which is so adapted as to form a jacket for the document; Part 2, described as the Declarations; and a printed portion known as Form No. 49. According to the evidence for the appellee, only Part 2 and Form No. 49 were received from the office of the agents who issued the policy sued on. The provision requiring suit to be filed within twelve months from the inception of the loss was contained in Part 1, or Form 4024, and never received by the insured, according to evidence for appellee.

The company insists that even if the complete policy never was delivered to the insured, the statements appearing on Part 2, the Declarations, were sufficient to cause invocation of the doctrine of incorporation by reference. The first of the two such

provisions appearing in Part 2, and upon which the company relies, is:

> "This Declarations page, with 'POLICY PROVISIONS—PART 1,' Form 4024, and endorsements, if any, issued to form a part thereof, completes the below numbered STANDARD FIRE INSURANCE Policy."

The just-quoted words appear near the top edge of the printed page.

The other language which the company cites as basis for incorporation by reference appears just below the signature of the local issuing agent at the beginning of the final literary paragraph on the page, and it is:

> "FOR STATE EXCEPTIONS SEE 'POLICY PROVISIONS—PART 1.'"

In the company's brief it is asserted that the question of incorporation by reference as it pertains to insurance policies "may form a case of first impression in Kentucky." The general contract rule for incorporation by reference, as stated in 4 Williston on Contracts, Sec. 628 (1961), at 901, is cited and quoted by the appellant:

> "Where a writing refers to another document, that other document, or so much of it as is referred to, is to be interpreted as part of the writing."

Appellant also calls attention to Conner v. Manchester Assurance Company (CA9), 130 F. 743, 70 LRA 106; Swinney v. Connecticut Fire Ins. Company of Hartford, Mo.App., 8 S.W.2d 1090; Brandyce v. Globe & Rutgers Fire Ins. Company, 252 N.Y. 69, 168 N.E. 832; and other cases in which the doctrine of incorporation by reference has been applied to insurance contracts. Luten Bridge Company v. Grant County, 206 Ky. 528, 267 S.W. 1082, is cited by appellant as illustrative of the recognition of the general doctrine of incorporation by reference in this jurisdiction. The more critical question has to do with the law in this jurisdiction respecting incorporation by reference into an insurance policy.

In 1 Couch on Insurance 2d, Section 3:23, Page 147, it is written:

> "INCORPORATION BY REFERENCE:
>
> "A contract of insurance may, and often does, consist of a policy and other instruments incorporated therein by reference. Provisions on the back of a policy may be made a part of the contract by reference thereto on the face thereof.
>
> "An insurance policy may thus consist of several separate documents. But statements in a collateral document do not become a part of the contract of insurance unless they are so referred to therein as clearly to indicate that the parties intended to make them a part of such contract. In the absence of such clear reference, the rights and liabilities of the parties to a contract of insurance are to be determined by the terms of the policy itself, to the exclusion of other papers not made a part thereof."

The same author observes at 1 Couch on Insurance 2d, Section 3:19, page 141:

> "The statutes of some states require contracts of insurance to be plainly expressed in the policy, while under others, policies of insurance must contain the entire contract."

Cited in support of that portion of the text pertaining to the requirement that insurance contracts must be "plainly expressed" in the policy are many cases, including Provident Sav. Life Assur. Soc. v. Puryear's Adm'r, 109 Ky. 381, 59 S.W. 15; Fidelity Mutual Life Ins. Co. v. Price, 117 Ky. 25, 77 S.W. 384; Fidelity Mutual Ins. Co. v. Preuser, 195 Ky. 271, 242 S.W. 608.

An examination of the Kentucky cases just listed discloses that this court has consistently refused to permit separate documents to affect the terms of an insurance policy as actually issued. In Provident Sav. Life Assur. Soc. v. Puryear's Adm'r, 109 Ky. 381, 59 S.W. 15, the insurance company sought to defeat recovery on a life

insurance policy on the ground that the policy application provided for no liability in the event the insured committed suicide within two years after the policy was issued. The application was not attached to the policy. Relying on Sections 656 and 679 of then applicable Kentucky Statutes, the court held that the terms of the application could not be relied upon since the application was not made a part of the policy itself.

Fidelity Mutual Life Ins. Co. v. Price, 117 Ky. 25, 77 S.W. 384, recognized the validity of the rule in the Puryear's Adm'r case, but it was there considered that the case did not fall within the rule because of distinguishing facts inapplicable to the question at hand.

In Fidelity Mutual Ins. Co. v. Preuser, 195 Ky. 271, 242 S.W. 608, the court ruled that the reproduced copy of the application for insurance, although actually attached to the policy, was so illegible as to have no effect. In so holding, the court laid emphasis on Ky.St. Sec. 656:

"Nor shall any such company or any agent thereof make any contract of insurance or agreement as to such contract, other than is plainly expressed in the policy."

In Preuser it was said:

" 'Plainly expressed,' in our opinion, means something more than an expression requiring unusually good eyesight to decipher. In addition to clarity of terms, it means legible, something 'capable of being read or deciphered, distinct to the eye' * * *. [T]he purpose of the statute * * * is to enable the policy holder, as well as the insurer, to be fully informed at all times of the exact terms of the contract of insurance." Id. 242 S.W. at page 609.

A similar result was reached in National Life & Accident Ins. Co. v. Barlow, 247 Ky. 809, 57 S.W.2d 997, in which it was held that the failure of the insurance company to include in the policy certain classifications of risks and premium rates prevented its interposing such matters in defense of a suit on the policy.

The statutory framework dealing with insurance has twice been codified since the above decisions were rendered. Always there has been maintained the statutory requirement that insurance policies must contain the entire contract, the provisions of which must be "plainly expressed" in the policy. Cf. former KRS 304.667 and present KRS 304.14–180, each of which provides:

"(1) No agreement in conflict with, modifying, or extending any contract of insurance shall be valid unless in writing and made a part of the policy.

"(2) No insurer or its representative shall make any insurance contract or agreement relative thereto other than as is plainly expressed in the policy.

"(3) The requirements of this section shall not apply to the granting of additional benefits to all policyholders of an insurer, or a class or classes of them, which do not require increases in premium rates or reduction or restrictions of coverage."

■ It seems plain that the legislative policy in this jurisdiction, as interpreted in previous decisions by this court, requires that all terms of an insurance contract be "plainly expressed" in the policy itself. This would appear to foreclose the possibility of incorporation by reference as related to insurance policies. For these reasons the court is not persuaded to follow the cases from foreign jurisdictions which are cited by the company. It is not discernible from those cases whether there were statutory provisions comparable to Kentucky's. But if such incorporation were permissible, the meager statements in the form delivered to the insured were insufficient to put him on notice or inquiry. There was not a "clear reference" as mentioned by Couch. It follows that the trial court correctly denied appellant's motion for a directed verdict.

It is argued by appellant that the verdict is flagrantly against the evidence. The company presented testimony as to the usual procedures followed in assembling such policies and undertook to leave the inference that it was practically impossible that the policy could have gone forth without the "jacket," Part 1, Form 4024. A witness skilled in dealing with questioned documents related that some glue on the papers received by the insured indicated that another paper had been attached. On the other hand, the evidence for the appellee was to the effect that the papers, as presented, were all that were received. This was bolstered somewhat by the fact that a premium receipt was stapled to the face of the "Declaration" in such manner as to make it appear unlikely that the jacket, Part 1, Form 4024, could ever have been affixed. A jury issue was created. The evidence was sufficiently substantial to support the verdict.

The judgment is affirmed.

All concur.