PACIFIC MUT. LIFE INS. CO. OF CALI-
FORNIA v. THURMAN.

No. 4278.

Court of Civil Appeals of Texas. Texarkana.
Dec. 1, 1932.

Rehearing Denied Jan. 5, 1933.

Thompson, Knight, Baker & Harris, of Dallas, for appellant.

Sanders & McLeroy, of Center, for appellee.

SELLERS, J.

The appellee, Merritt B. Thurman, Jr., brought this suit by next friend to recover of appellant, the Pacific Mutual Life Insurance Company of California, the sum of $2,000, with interest, penalty, and attorney's fees, alleged to be due appellee as beneficiary in a certain policy of life insurance issued by appellant on the life of Merritt B. Thurman, Sr., on October 1, 1924. It was also alleged that Merritt B. Thurman, Sr., died on September 27, 1929, at which time the policy was in full force and effect. The appellant refused payment of the policy on the ground that the policy had lapsed prior to the death of the insured, and was therefore not in force on the date of insured's death. The trial was before the court without a jury and resulted in judgment for appellee for the sum of $2,701.30, from which judgment the appellant has duly prosecuted this appeal.

It appears that the annual premium due by the insured, Merritt B. Thurman, Sr., to appellant on this policy was $60.66, and that the first two annual premiums were paid in advance in cash. The third annual premium which was due October 1, 1926, was paid by giving a note which is as follows:

"$64.30 . 10—1—27
2.64
60.66 October 1, 1926.

"On the first day of April, 1927, without grace, I promise to pay to order of the Pacific Mutual Life Insurance Company of California, at its office in Los Angeles, California, Sixty and 66/100 Dollars in United States Gold Coin, with interest at the rate of six per cent. per annum from date.

"This note is given for the Annual premium due October 1, 1926, on Policy No. 55474 issued on the life of Merritt B. Thurman, whereunder said Company is the insurer, and shall be considered an indebtedness on and secured by said policy.

"Merritt B. Thurman,
"Post Office Box 601, El Dorado, Ark."

The due date of this note was extended until October 1, 1927, when another annual premium was due, but neither the annual premium due on this date nor the note were ever paid, and the policy lapsed for failure to pay this, the fourth annual premium.

The question presented is whether under the terms of the policy the appellant had a right to charge the premium note against the reserve in the policy and thereby reduce the amount of the reserve which would otherwise have been available for the purchase of extended insurance, as provided by the nonforfeiture provision of the policy. If the note was properly charged against the reserve of the policy, then the policy was not in effect on the date of insured's death; but, if it could not be so charged, then the policy was in force on the date of the death of the insured.

The identical question here presented was before this court in the case of Amicable Life Insurance Co. v. White (Tex. Civ. App.) 38 S.W.(2d) 860. The provisions in the policy here sued on are the same in all material respects as those contained in the policy in the White Case, and it was there held that the company could not charge the premium note against the reserve of the policy. The policy does not provide in any way for the taking of an assignment of the reserve in the policy for the purpose of securing such note.

But appellant insists that this case may be distinguished from the White Case in that the premium note in this case provided that the indebtedness evidenced by the note should be considered an indebtedness on and secured by said policy, whereas the note in the White Case did not so provide. We do not think this fact could in any way change the conclusions reached in the White Case, and we respectfully submit that in our opinion the appellant was unauthorized to charge the premium note against the reserve of the policy.

The judgment of the trial court is affirmed.