**TEXAS LIFE INS. CO. v. CORK.** *

No. 4297.

Court of Civil Appeals of Texas. Texarkana.
March 2, 1933.

Rehearing Denied March 23, 1933.

Kyle Vick, of Waco, for appellant.
J. W. Chandler, Jr., of Rusk, for appellee.

SELLERS, Justice.

Frances Cork as plaintiff brought this suit in the trial court against defendant, Texas Life Insurance Company, to recover upon a certain policy of insurance issued upon the life of William Cork. The policy was issued on November 17, 1927, for the sum of $1,000, and provided for an annual premium of $75.01 to be paid in advance. The plaintiff in this action was made beneficiary in the policy. William Cork, the insured, died May 21, 1931. The case was tried before the court without the aid of a jury, and the court entered judgment for the plaintiff for the full amount of the policy less two annual premiums and interest on each for a period of one year at 6 per cent., which premiums had not been paid by the insured at the time of his death; the amount due plaintiff on the policy being $840.86. The court also allowed the plaintiff the statutory penalty and interest, and entered judgment in the plaintiff's favor for the total sum of $957.93. To this judgment the defendant excepted and has duly prosecuted this appeal.

The question presented on this appeal is to

*Writ of error granted.

determine whether this policy was in force on the date of the death' of the insured. Bearing upon this question are certain provisions of the policy and also a provision of a premium note which was given for the third annual premium, the first and second premiums having been paid. The provisions in the policy deemed material are as follows:

"*Conditions Regarding Payment of Premiums.*' All premiums are payable in advance at the Home Office of the Company in Waco, Texas, or to an authorized agent of the Company upon delivery of a receipt signed by the President or Secretary and countersigned by the authorized agent. If any premium is not paid on the date when due this policy shall be null and void, except as hereinafter provided. Notice of any and all premiums due are given and accepted by the delivery and acceptance of this policy and no notice of the due date of a premium shall be considered a precedence or waiver of any provision of this policy, no matter how often repeated. A grace period of one month is allowed for the payment of any premium after the first, but if death occurs during the period of grace the unpaid premium shall be deducted from the amount payable.

"*Cash Loans.* At any time after the second policy year and while this policy is in full force, the insured can borrow from the Company on the sole security of this policy, properly assigned to and endorsed by the Company, any sum within the loan value specified in the table below, from which loan value any indebtedness on the policy and any unpaid premiums for the current policy year will first be deducted. The Company shall furnish the form for the assignment required hereunder and upon completion of the loan will return the policy to the insured. Interest, at a rate of six per cent per annum, will be collected out of the amount of the loan to the end of the current policy year and is thereafter payable annually in advance. Failure to repay any such loan, or to pay interest thereon, shall not avoid this policy unless the total indebtedness thereon to the Company shall equal or exceed its loan value.

"*Automatic Premium-Loan, Non-Forfeiture.* If at any time after the expiration of the second policy year, if all premiums have then been duly paid, any premium or installment thereof is not paid within the time allowed for its payment the Company unless otherwise instructed by the insured in writing, will forthwith advance the amount of such premium, or installment thereof, with interest thereon at the rate of six per cent per annum payable in advance out of the loan value then available under the policy, provided the total indebtedness to the Company on account of this policy, if any, at the time and any interest that might be due thereon, together with such advance shall not exceed the total loan value then available. While the policy is thus continued in force the insured shall retain all rights and privileges granted by its terms as if the amounts so advanced were paid by the insured in cash and may resume payment of premiums at any time without compliance with the conditions pertaining to reinstatement. The insured may, at any time, repay such advance or any other indebtedness on the policy but failure to do so shall not avoid the policy until the total indebtedness thereon shall equal or exceed the loan value, in which case this policy shall automatically cease and determine.

"Table of Loans and Non-Forfeiture Values.

| After Expiration of Policy Year the | Loan Value | Paid-Up Endowment Policy | Cash Value |
|---|---|---|---|
| 1st | $ 0 | $ 0 | $ 0 |
| 2nd | 78 | 0 | 0 |
| 3rd | 119 | 116 | 78 |
| 4th | 159 | 172 | 119 etc." |

The note involved was a straight promissory note, and was given November 17, 1929, for the third annual premium, and was due October 17, 1930. This note contained the following provision:

"That although the annual premium due on the 17th day of Nov. 1929, on Policy No. 49950 has not been paid, the insurance thereunder shall be continued in force until midnight of the due date of this note; that if this note is paid on or before that date it becomes due, and there is no other indebtedness on account of the premium, such payment will then be accepted by the Company as payment of said premium, and all rights under said policy shall thereupon be the same as if said premium had been paid when due; that if this note is not paid on or before the day it becomes due, said policy shall be deemed to have ceased and determined on the date when said premium was due and all rights to extended or paid-up insurance shall be for the term and amount secured by said policy on and from the day when said premium became due; but, nevertheless, the maker of this note shall be personally liable to the Company for a sum equal to one-half of the principal of this note. Said sum to be due and immediately collectible as compensation for the rights and privileges hereby granted and as the earned premium for the insurance granted from maturity of said premium to the maturity of this note (or at the pleasure of the Company said sum, with interest at 6 per cent, may be treated as indebtedness on account of the policy to reduce any of its benefits in accordance with the terms of the policy); and the payment to or collection by said Company of said sum shall not revive said policy or any of its provisions."

The appellant insists that the $78 loan value provided in the policy for the second year was not available to the insured under the automatic premium loan provision

of the policy for the payment of the third annual premium for the reason that under the provision of the policy the premiums were payable in advance, and, since the automatic loan provision did not apply until the second policy year had expired, the amount of the loan for the second year could not be applied to the payment of the third annual premium. We do not entertain this view. It is true that the premiums were payable in advance, but the policy also provided for a thirty-day grace period in which the premium might be paid, and, in our opinion, the automatic premium loan provision could not apply until the grace period had expired, and then, had the premium not been otherwise arranged for, it would have become the duty of appellant to advance the loan value to the payment of the third annual premium or as much thereof as the loan value would pay for, because at the end of the grace period the second policy year certainly had ended and under no circumstances could this policy be forfeited until all the loan value provided for in the policy had been applied to the payment of future premiums. The clause contained in the automatic premium loan provision, "If at any time after the expiration of the second policy year, if all premiums have been duly paid," means the premiums due for the first and second years, and does not include the third annual premium which is due in advance.

■■ However, the third annual premium was taken care of, at least temporarily, by the note given by the insured, which was due, as before stated, on October 17, 1930. If this note had been paid there would have, of course, been no contention about the third annual premium not having been paid, but the note was not paid at maturity, and we are therefore called upon to determine what effect this note had upon the payment of the third annual premium. The note provides that, if it is not paid by maturity the policy "will be deemed to have ceased and determined on the date when said premium was due and all rights to extended or paid-up insurance shall be for- the term and amount secured by said policy on and from the day when said premium becomes due." Of course, this provision in the note could not forfeit the policy until the $78 loan value had been applied to the payment of future premiums. The question then is, How long will this loan value continue the policy in force? It will be noted from the quoted provision of the note that the company retained the note as a valid obligation against the insured to the amount of one-half its face value, or $37.50½. "Said

sum to be due and immediately collectible as compensation for the rights and privileges hereby granted and as the earned premium for the insurance granted from the maturity of said premium to the maturity of this note." The appellant by accepting this note thereby agreed that if the note was not paid by maturity to retain it for one-half the third annual premium and it would then only be necessary for the appellant to use from the loan value of the policy $37.50½ with interest at 6 per cent. on this amount for one year to finish paying the third annual premium. It will readily be seen that the automatic loan value for the second policy year is considerably in excess of the amount necessary to pay the balance of the third annual premium. If we are correct in our interpretation of the provisions of the policy and note, the third annual premium due on the policy was fully paid, and we are brought to the beginning of the fourth policy year with a new automatic loan value year for the third policy year of $119 available for the payment of the fourth annual premium. Of course there must first be deducted from this loan value the amount which was applied to the payment of the third annual premium with interest at the rate of 6 per cent. per annum for another policy year. When this is done, it will be found that there remains in the automatic loan value almost enough to pay the fourth annual premium and interest; at least it is a great deal more than necessary to pay the premium to May 21, 1931, which is the date the insured died.

■■ We would not be correct in our foregoing conclusions if the company had a right to charge the note involved against the loan value provided for in the policy, but this court has held that, under contracts of insurance with like provisions, this could not be done, notwithstanding the note so provided. Amicable Life Ins. Co. v. White (Tex. Civ. App.) 38 S.W.(2d) 860; Pacific Mutual Life Ins. Co. of Calif. v. Merritt B. Thurman, Jr. (Tex. Civ. App.) 55 S.W.(2d) 1079. But even if it should be held that the company had a right to charge the note against the loan value so provided for in the policy, the evidence shows clearly in this case that the note involved was never so charged by the appellant, and therefore this question is immaterial on this appeal.

We are of the opinion that the policy of insurance sued upon was in force on the date of the insured's death, and that the court did not err in entering judgment for the appellee.

The judgment of the trial court is affirmed.