## TEXAS LIFE INS. CO. v. DILLEHAY.
### No. 13056.

Court of Civil Appeals of Texas. Fort Worth.

Jan. 11, 1935.

Rehearing Denied Feb. 15, 1935.

Kyle Vick, of Waco, for appellant.

Lobdell & Patterson and C. T. Gettys, all of Decatur, for appellee.

LATTIMORE, Justice.

This is an appeal from a judgment for plaintiff upon a life insurance contract.

Appellant issued its life insurance policy to deceased, Dillehay, on March 5, 1923, payable in the sum of $2,000 to appellee. The premiums were paid annually through March 5, 1930, at which time Dillehay borrowed from appellant, in accordance with the terms of the policy, $306 due in one year, secured by an assignment of the policy. On March 5, 1931, he renewed the note for one year, paying the interest in advance, and changed the method of paying the premiums on his life insurance to semiannual payments and paid the semiannual premium required. The next installment was therefore due on September 5, 1931. It was not paid. Dillehay died January 8, 1932. The defense is that the contract lapsed and was forfeited for nonpayment of premiums.

Appellee contends that, by virtue of the above facts and the terms of the policy and the laws of the state, automatic extended term insurance for the face of the policy less the loan was in effect at Dillehay's death.

The policy provides how continued insurance shall be computed: "The indebtedness will be deducted from the net value of the continued insurance and the balance used to continue this policy for its face amount less the indebtedness for such term as said balance may secure at net single premium rates by the standard hereinafter named for the attained age of the insured." "The net value of the term of continued insurance * * * shall be computed upon the American Experience Tables of mortality with interest at 3½% per annum." The attained age of the insured was 40 years. The term of continued insurance for the eighth year was 15 years and 11 months, and it is undisputed that the "net value" of such policy, including the one-half year to September 15, 1931, was $301. Using the method thus contracted for, such net value lacked $5 of meeting the loan. It is true that the loan value of the policy on March, 1931, was $358, being $52 more than the loan of $306 then outstanding, and that, had the insured borrowed that $52 and paid it on the premium, he would have had his premium paid to his death, but the contract does not put any duty on the appellant to so apply such loan value; in the absence of such borrowing, we know of no statute which requires such automatic application. Article 4732, subd. 7, R. S., requires a provision for extended insurance, the net value of which shall be at least equal to the reserve at date of default less certain deductions, but net value or reserve value or cash value are not necessarily equal to loan value, and in this case actually were not as much as the loan value. There was therefore no excess in net value to be applied to the purchase of extended insurance.

The interest had been paid on the $306 loan in advance to March, 1932, but we need not consider what should be done with the unearned interest if it be unearned after September, 1931, for an amount of $7.65 is insufficient to keep the policy alive to January 8, 1932.

This opinion is delivered on motion for rehearing. In our original disposition of the cause, we considered provisions of the policy not mentioned by the briefs of either party. On motion for rehearing we are favored with amicus curiæ briefs from various distinguished members of the Texas bar, among which is that of Mr. William Lipscomb, Esq. We have given them careful consideration, and have come to the conclusion that we were in error. The point is not briefed by appel-

lee, and we therefore do not burden this opinion with an elaboration of it.

The judgment heretofore rendered by this court on December 7, 1934, is set aside, the motion for rehearing is granted, and the judgment of the trial court is here reversed and rendered that appellee take nothing.