**STATE RESERVE LIFE INS. CO. v. HILL.**

No. 8234.

Court of Civil Appeals of Texas. Austin.

April 8, 1936.

Rehearing Denied April 29, 1936.

Robert Harrison, of Fort Worth, for appellant.

Edgar W. Cale, of Temple, for appellee.

BLAIR, Justice.

Appellee, Alice Irene Hill, the widow of James Hill, deceased, as beneficiary, sued appellant, State Reserve Life Insurance Company, on its policy of life insurance covering the life of the said James Hill for $1,000, and recovered judgment for $1,000, plus 12 per cent. statutory penalty, and $150 as attorney's fee, a total of $1,270.

This appeal presents the sole question of whether under the terms of the policy it had lapsed prior to the death of the insured, because of failure to pay the renewal premium when due. The policy was issued February 15, 1932, in consideration of the payment of an annual premium of $30 in advance, or four installments of $8 each, payable quarterly in advance. The insured elected to pay the premium in quarterly installments, and accordingly paid the four installments covering the first year premium, on February 15, May 15, August 15, and November 15, 1932; and no other or further premium payment was ever made. The insured died July 31, 1933, more than eight months after the last premium payment, and more than five months after the date on which the next quarterly premium became due. The policy provided for the payment of $1,000, on account of the insured's death, "if all premiums shall have been duly paid"; and that "failure to pay when due any premium or installment thereof, * * * shall of itself cause this policy thereupon to cease and determine." The Table of Loan and Nonforfeiture Values clause provided that, "subject to the terms and conditions of pro-

vision for 'Cash Loans' on page 2, a loan value of $15.00 will be available at the end of the First policy year and a loan value of $35.00 will be available at the end of the Second policy year; provided, either loan shall be applied toward payment of the succeeding annual premium." The "Cash Loans" clause referred to provided that, "after the expiration of the second policy year, and while this policy is in force, the legal owner may borrow upon this policy, by assigning and depositing it as collateral according to the Company's form, all or part of its loan value as shown in Table on page 3; provided, all indebtedness and the premium up to and including the end of the policy year in which loan is made and interest for the same period at the rate of six per centum per annum are paid in advance."

■ Appellant concedes that the conflict between the Cash Loan and the Table of Values clauses, as to whether a loan value was available at the end of the first or not until the end of the second policy year, should be construed favorably to the contention of appellee that a loan value of $15 accrued at the end of the first policy year. It was the theory of the trial court that since the payment of the first year premium created a loan value of $15, which might be used in part payment of the second annual premium, and which was sufficient to extend the insurance policy beyond the date of the death of the insured, the law would automatically apply the accrued loan value to the payment of the future premiums and thereby extend the expiration date of the insurance policy. This theory is predicated upon the rule that under no circumstances will an insurance policy be forfeited until all of any net or reserve or cash value that exists at the expiration of the insurance term has been applied to the payment of future premiums. But this rule has no application to the instant case, because the insured did not comply with the terms and conditions of the insurance contract for making the accrued loan value available for payment of the succeeding annual premium due on the policy. In the first place, the policy requirements that "the premium up to and including the end of the policy year in which the loan is made and the interest for the same period at the rate of 6% per annum" be paid in advance were not complied with by the insured. The policy had no loan value available for the payment of premiums except upon the express condition that the entire annual premium for the year in which the loan was made was paid in advance. This was not done by the insured, and the expiration date of the policy was not extended. Texas Life Ins. Co. v. Francis Cork (Tex.Com.App.) 89 S.W. (2d) 779, reversing (Tex.Civ.App.) 59 S.W. (2d) 334.

■ In the second place, the policy required the insured to "borrow" the loan value available and to assign and deposit his policy "as collateral according to the company's form." The insured did not undertake in any manner to meet these conditions of the policy and actually procure a loan or borrow the loan value available. This phase of the case is determined by the recent decision of Texas Life Insurance Co. v. Dillehay (Tex.Civ.App.) 79 S.W.(2d) 342, wherein the court say:

"It is true that the loan value of the policy in March 1931, was $358, being $52 more than the loan of $306 then outstanding; and that, had the insured borrowed that $52 and paid it on the premium, he would have had his premium paid to his death, but the contract does not put any duty on the appellant to so apply such loan value; in the absence of such borrowing, we know of no statute which requires such automatic application."

To the same effect is the decision of the Supreme Court in the recent case of Texas Life Insurance Co. v. Cork, 89 S.W.(2d) 779, reversing (Tex.Civ.App.) 59 S.W.(2d) 334, holding that where the policy provides for the automatic premium loan plan and the insured does not avail himself of the plan as provided for in the contract, the insurance policy will not be automatically extended, even though there is available a loan value.

The judgment of the trial court in the instant case was based upon the decision of the Court of Civil Appeals in the Cork Case, supra. Since the appeal of the instant case, the Cork Case has been reversed and rendered for the insurance company upon the same principle of law here involved, and, accordingly, the judgment of the trial court will be reversed and judgment will be here rendered for appellant.

Reversed and rendered.